DAVIS, Admr., Appellant,

v.

SHELBY INSURANCE COMPANY, Appellee.

[Cite as *Davis v. Shelby Ins. Co.* (2001), 144 Ohio App.3d 468.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78610.

Decided June 25, 2001.

*Friedman, Domiano & Smith Co., L.P.A., Jeffrey H. Friedman* and *Stephen S. Vanek,* for appellant.

*Thomas E. Dover* and *Joseph J. Santora,* for appellee.

TIMOTHY E. MCMONAGLE, Presiding Judge.

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs, and the oral arguments of counsel.

Plaintiff-appellant, Lynn Davis, individually and as administrator of the estate of decedent Katherine Rosala ("appellant"), appeals the decision of the Cuyahoga County Common Pleas Court granting summary judgment to defendant-appellee, Shelby Insurance Company ("Shelby Insurance"), on the basis that appellant was not entitled to receive uninsured/underinsured motorist benefits under decedent's homeowner's insurance policy. For the reasons that follow, we affirm.

A review of the record reveals that, on July 31, 1996, the decedent was killed in an automobile accident when the vehicle in which she was a passenger went left of center and struck an oncoming truck. The driver of the vehicle, Hoyt Dawson, was covered by a policy of automobile insurance with limits of $25,000, which was tendered to appellant as representative of decedent's estate. The trucking company was insured by a policy of insurance with limits of $1,000,000, of which $90,000 was tendered to appellant.

When Shelby Insurance denied a claim for underinsured motorist benefits under a policy of homeowner's insurance issued to decedent, appellant filed a complaint for declaratory judgment seeking a declaration that this policy of insurance, by operation of law, provided such coverage and that appellant was entitled to the $100,000 limits under that policy. The parties subsequently filed cross-motions for summary judgment. In its entry granting summary judgment to Shelby Insurance, the trial court stated:

"Pursuant to *Overton v. Western Reserve Group* ( [Dec. 8,] 1999), [Wayne App. No. 99CA0007, unreported, 1999 WL 1215138], Plaintiff's homeowner's policy is not an automobile liability or motor vehicle liability policy of insurance, thus UM/UIM coverage is not available under the policy or by operation of law."

Appellant thereafter filed this appeal assigning the following error for our review:

"The trial court erred in granting summary judgment in favor of appellee Shelby Insurance Company, as appellant is entitled to underinsured motorist coverage in the policy issued to her by appellee Shelby."

Appellant contends that because the homeowner's policy issued to decedent provides automobile liability coverage in limited circumstances, Shelby Insurance was required to offer uninsured/underinsured motorist benefits. When it failed to do so, such benefits arose by operation of law and, moreover, were not subject to setoff or to the subrogation provisions under that policy.

Shelby Insurance, on the other hand, maintains that UM/UIM benefits were not offered because the policy of insurance was a homeowner's policy not an automobile policy. Even if the homeowner's policy could be construed to provide such coverage, however, Shelby Insurance argues that benefits would be unavailable because of statutory setoff provisions as well as subrogation provisions contained within the policy itself.

Decedent's homeowner's policy provides:

"SECTION II—LIABILITY COVERAGES

"COVERAGE E—PERSONAL LIABILITY

"If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:

"1. Pay up to our limit liability for the damages for which the insured is legally liable. Damages include prejudgment interest awarded against the insured; and

"2. Provide a defense at our expense * * *. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

"* * *

"SECTION II—EXCLUSIONS

"1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

"* * *

"f. arising out of:

"(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers owned or operated by or rented or loaned to an insured;

"(2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or

"(3) vicarious liability, whether or not statutorily imposed, for the action of a child or minor using a conveyance excluded in paragraph 1) or 2) above.

"This exclusion does not apply to:

"(1) A trailer not towed by or carried on a motorized land conveyance;

"(2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and;

"(a) not owned by an insured; or

"(b) owned by an insured and on an insured location;

"(3) A motorized golf cart when used to play golf on a golf course;

"(4) A vehicle or conveyance not subject to motor vehicle registration which is:

"(a) used to service an insured's residence;

"(b) designed for assisting the handicapped; or

"(c) in dead storage on an insured location.

"(5) Children's toys that are powered by DC current;

"* * *

"Exclusions e., f., g., and h. do not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured."

Appellant argues that, because Exclusion f does not apply to a residence employee, decedent's homeowner's policy provides automobile coverage in limited circumstances and, as such, Shelby Insurance was required to provide UM/UIM benefits as provided in R.C. 3937.18. This section provides:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:

"* * *

"(2) Underinsured motorist coverage, which shall be in the amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or the persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable

bodily injury liability bonds and insurance policies covering persons liable to the insured.

"(B) Coverages offered under division (A) of this section shall be written for the same limits of liability. No change shall be made in the limits of one of these coverages without an equivalent change in the limits of the other coverage."

Relying on *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161, appellant contends that where a policy of insurance provides automobile coverage, even in limited circumstances, the insurer is required to offer UM/UIM coverage and when it fails to do so this coverage arises by operation of law. In *Selander*, the Supreme Court of Ohio found that a general business policy was an "automobile policy" for purposes of R.C. 3937.18 because it extended liability coverage for "hired" and "non-owned" automobiles. Appellant seeks to extend this reasoning to find UM/UIM coverage under a homeowner's policy that likewise extends automobile coverage in limited circumstances. Shelby Insurance, on the other hand, relies on *Overton v. W. Res. Group* (Dec. 8, 1999), Wayne App. No. 99CA0007, unreported, 1999 WL 1215138, which held that incidental coverage extended to recreational off-road conveyances and golf carts "is * * * not enough to transform a homeowner's policy into an automobile liability policy" for purposes of finding UM/UIM coverage. See, also, *Dicke v. Safeco Ins. Co.* (Dec. 13, 2000), Allen App. No. 1–2000–64, unreported, 2000 WL 1824885, affirmed on authority of *Davidson v. Motorists Mut. Ins. Co., infra; Dicke v. Safeco Ins. Co.* (2001), 91 Ohio St.3d 334, 744 N.E.2d 1162 (homeowner's policy cannot reasonably be "construed to provide uninsured or underinsured motorist coverage where there is no automobile liability coverage intended by the parties or contained within the policy").

The Ohio Supreme Court recently affirmed *Overton* based on the authority of *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 744 N.E.2d 713. See *Overton v. W. Res. Group* (2001), 91 Ohio St.3d 333, 744 N.E.2d 1162. In its syllabus, the *Davidson* court stated:

"A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirements of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage."

The *Davidson* court found that the general business liability policy in *Selander* specifically provided limited coverage for liability coverage for claims arising out of the use of hired or non-owned automobiles used in the insured's business. Since there was express automobile liability coverage arising out of the use of these automobiles, the *Davidson* court reasoned that UM/UIM coverage was required. In distinguishing *Selander*, the *Davidson* court stated:

"In contrast, the policy at issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property."

The *Davidson* court went on to state that automobiles, unlike the vehicles listed in a homeowner's policy, are subject to motor vehicle registration and are designed and used for transporting people on a public highway. Consequently, it is logical to require UM/UIM coverage in *Selander* but restrict recovery under a homeowner's policy that provides only incidental coverage for a very limited class of motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway. *Davidson*, 91 Ohio St.3d at 267–268, 744 N.E.2d at 717.

"Moreover, we never intended *Selander* to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. Instead, *Selander* stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration." *Id.*

We acknowledge that the *Davidson* court did not specifically address whether a "residence employee" exclusion in a homeowner's policy could be construed so as to provide UM/UIM coverage. *Id.* at 265, 744 N.E.2d at 715, fn. 2. We see no reason, however, not to extend the reasoning of *Davidson* to the policy at issue in this case.

Explaining the differences between UM/UIM coverage and homeowner's coverage, the *Davidson* court stated:

"[I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is 'to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.'" *Id.*, quoting *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 608, 710 N.E.2d 677, 680.

"Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." *Davidson*, 91 Ohio St.3d at 269, 744 N.E.2d at 719.

Consequently, the policy at issue in this case cannot be construed so as to provide UM/UIM coverage. Appellant's first assignment of error is not well taken and is overruled.[1]

*Judgment affirmed.*

FRANK D. CELEBREZZE, JR. and JAMES J. SWEENEY, JJ., concur.

---

1. Appellant presented two issues for review under the single assignment of error presented for review by this court. The first issue was whether UM/UIM coverage is available under a homeowner's policy while the second issue dealt with whether principles of setoff apply. Since we find that coverage is unavailable, we need not discuss the issue of setoff.