DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Frankenmuth Mutual Insurance Company ("Frankenmuth"). Appellee Michael Rygalski was dismissed from this case on June 5, 2001, and is therefore no longer a party to this action.
Appellants, Joseph and Debra Ruiz, had a homeowners' policy with Frankenmuth in effect on October 14, 1998 when Joseph was involved in an automobile collision. Appellants' homeowners' policy excludes coverage for bodily injury or property damage arising out of "the ownership, maintenance, use, loading or unloading of motor vehicles." The policy, however, provides an exception to this exclusion with respect to a "residence employee," who is injured in the course of his or her employment by an insured. Appellants argue that, because of this exception, the policy is actually a "motor vehicle liability policy" for which UM coverage must be offered. Insofar as Frankenmuth failed to offer such coverage, appellants argue that they are entitled to UM coverage as a matter of law for the October 14, 1998 automobile collision.
The version of R.C. 3937.18, effective at the time of the policy in this case, required that "no automobile liability or motor vehicle liability policy of insurance" may be provided unless UM coverage is offered. The phrase "automobile liability or motor vehicle liability policy of insurance" was defined as:
 "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by Division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
 "(2) Any umbrella liability policy of insurance written as excess over one or more policies of insurance described in Division (L)(1) of this section."[1]
The homeowners' policy in question does not serve "as proof of financial responsibility" because there are no motor vehicles specifically identified by the policy.[2] We also find that the homeowners' policy is not an umbrella liability policy because the policy at issue was not "written as excess over one or more policies of insurance described in Division (L)(1) of this section."[3]
Accordingly, we find that the homeowners' policy was not an "automobile liability or motor vehicle liability policy of insurance" as that phrase is defined by R.C. 3937.18(L), in effect at the time of this policy. As such, Frankenmuth was not required to offer UM coverage as part of the homeowners' policy.
Furthermore, we find that the homeowners' policy did not transform into a "motor vehicle liability policy" by virtue of the "residence employee" exception. There is a conflict between the Eighth and Tenth District Courts of Appeal on this very issue[4] and the matter is currently before the Ohio Supreme Court.[5] Upon review of all applicable case law construing policy language substantially similar to the language at issue in this case, we agree with the analysis of the Eighth District, which extended the reasoning in Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262, and held that, even with the "residence employee" exception, the homeowners' policy "cannot be construed so as to provide UM/UIM coverage."[6] We also agree with the holdings of the Fifth District Court of Appeals that found there is no UM coverage pursuant to a homeowners' policy.[7]
Based on the foregoing, we find appellants' sole assignment of error not well-taken. For the reasons set forth herein, this court finds that Frankenmuth was properly granted summary judgment. The judgment of the Lucas County Court of Common Pleas is therefore affirmed. Appellants are ordered to pay the court costs of this appeal.
Insofar as our holding is in direct conflict with Lemm v. The Hartford
(Oct. 4, 2001), Franklin App. No. 01AP-251, unreported, which is currently before the Ohio Supreme Court for its consideration, we respectfully submit this case to the Ohio Supreme Court, pursuant to Art. IV, Section 3(B)(4), Ohio Constitution, for review and final determination.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] R.C. 3937.18(L).
[2] See R.C. 3937.18(L)(1). See also Jones v. Nationwide Ins. Co. (July 23, 2001), Stark App. No. 2000CA00329, unreported.
[3] See R.C. 3937.18(L)(2). See also Pillo v. Stricklin (Feb. 5, 2001), Stark App. No. 2000CA00201, unreported.
[4] Davis v. Shelby Ins. Co. (2001), 144 Ohio App.3d 468, and Lemm v.The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251, unreported.
[5] Lemm v. The Hartford (2001), 93 Ohio St.3d 1475.
[6] Davis at 474.
[7] See, e.g., Trussell v. United Ohio Ins. Co. (Jan. 16, 2002), Perry App. No. 01-CA-15, unreported; Vohsing v. Auto-Owners Ins. Co. (Jan. 14, 2002), Licking App. No. 01-CA-56, unreported; Henry v. Nationwide Mut.Fire Ins. Co. (Sept. 28, 2001), Muskingum App. No. CT2001-0014, unreported.