DECISION AND JUDGMENT ENTRY
Plaintiff-Appellant Peggy J. Sowards, individually and in her capacity as executor of the estate of Ivory Sowards, her deceased husband, appeals the judgment of the Pike County Court of Common Pleas, which granted Defendant-Appellee Western Reserve Mutual Casualty Company's motion for summary judgment. Appellant argues that the trial court erroneously found that the homeowner's insurance policy appellant purchased from appellee did not contain underinsured and uninsured motorist coverage as an operation of law, pursuant to R.C. 3937.18. Accordingly, appellant concludes that the trial court erred in granting appellee's motion for summary judgment.
For the following reasons, we disagree with appellant and affirm the judgment of the trial court.
 Statement of the Case and Facts
On June 5, 1997, Juanita Newsome was driving her motor vehicle when she struck and killed a pedestrian, Ivory Sowards. The decedent's wife, Plaintiff-Appellant Peggy J. Sowards, was appointed executor of the decedent's estate.
Appellant, individually and as executor, settled her claims with Newsome's insurance carrier for $12,500, the limits of Newsome's policy. Appellant also settled with her and the decedent's automobile insurance carrier for $87,500 under the underinsured motorist provisions of their policy.
At the time of the decedent's death, he and appellant had in effect a homeowner's insurance policy issued by Defendant-Appellee Western Reserve Mutual Casualty Company (Western). That policy contained the following language:
"If a claim is made or a suit brought against an `insured' for damages because of `bodily injury' or `property damage' caused by an `occurrence' to which this coverage applies, we will * * * [p]ay up to our limit of liability for the damages for which the `insured' is legally liable."
The policy then proceeds to provide several exclusions to the coverage, including one concerning automobiles and motor vehicles:
"Coverage E Personal Liability and Coverage F Medical Payments to Others do not apply to `bodily injury' or `property damage' * * * [a]rising out of * * * [t]he ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an `insured.'"
Finally, the policy provides that above-mentioned exclusion does not apply to a "residence employee" arising out of and in the course of the "residence employee's" employment by an "insured." A "residence employee" is generally defined by the policy as, "An employee of an `insured' whose duties are related to the maintenance or use of the `residence premises,' including household or domestic services."
On May 4, 2000, appellant initiated a declaratory judgment action against Western. In appellant's complaint, she sought the trial court's declaration that the homeowner's policy, which she and her husband had purchased from Western, afforded underinsured motorist coverage for the accident in which her husband was killed. Appellant's complaint stated that by operation of law, the homeowner's policy afforded uninsured and underinsured motorist (UM/UIM) coverage in the amount of $300,000 per occurrence because the policy constitutes an "automobile liability or motor vehicle liability policy of insurance" under R.C. 3937.18(A).
Western's answer denied that UM/UIM coverage existed under the homeowner's policy. Cross-motions for summary judgment, along with replies to those motions, were filed.
On September 10, 2001, the trial court issued a decision that was subsequently journalized. In that decision, the trial court found that the homeowner's policy issued to appellant and the decedent by Western did not contain UM/UIM coverage. Thus, the trial court granted summary judgment in favor of Western.
 The Appeal
Appellant timely filed her notice of appeal and presents the following assignment of error for our review:
"The common pleas court erred when it granted summary judgment in favor of defendant-appellee Western Reserve Mutual Company and held that plaintiff-appellant's Peggy Sowards and her decedent, Ivory Sowards [sic], homeowner's policy did not afford, by operation of law, underinsurance [sic] motorist coverage.
 I. Standard of Review
We conduct a de novo review of the trial court's grant of summary judgment pursuant to Civ.R. 56. See Renner v. Derrin Acquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has laid out the proper test to determine whether summary judgment is appropriate.
"Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344,346, 1993-Ohio-191, 617 N.E.2d 1129, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274.
Therefore, we give no deference to the judgment of the trial court. SeeRenner, supra.
 II. Controlling Authorities Concerning UM/UIM Coverage
Appellant argues that by operation of law, her homeowner's insurance policy contains UM/UIM coverage. Appellant's argument rests on the assertion that her homeowner's insurance policy is an automobile liability policy for purposes of R.C. 3937.18.[1] Her argument contends that her policy's incidental coverage of liability to a resident employee arising from the insured's negligence in the operation of a motor vehicle results in her policy qualifying as an automobile liability policy under R.C. 3937.18.
The parties agree that in order to resolve the issue of whether appellant's homeowner's insurance policy is an automobile insurance policy, a review of three specific authorities is necessary: 1) former R.C. 3937.18; 2) Selander v. Erie Ins. Group, 85 Ohio St.3d 541,1999-Ohio-287, 709 N.E.2d 1161; and, 3) Davidson v. Motorists Mut. Ins.Co., 91 Ohio St.3d 262, 2001-Ohio-36, 744 N.E.2d 713.
 A. R.C. 3937.18
According to R.C. 3937.18, an insurer who provides an "automobile liability or motor vehicle liability policy" to an insured, must offer the insured UM/UIM coverage. See R.C. 3937.18. An insured is not required to accept UM/UIM coverage and can reject UM/UIM coverage in writing, but after the offer is made. See id. But, failure to offer UM/UIM coverage in an automobile liability policy gives rise to the coverage as an operation of law. See Abate v. Pioneer Mut. Casualty Co. (1970), 22 Ohio St.2d 161,258 N.E.2d 429, paragraphs one and two of the syllabus.
 B. Selander v. Erie Insurance Group
In Selander v. Erie Ins. Group, 85 Ohio St.3d 541, 1999-Ohio-287,709 N.E.2d 1161, business partners purchased a general liability policy, which excluded liability arising from the use of automobiles. However, the policy did provide coverage for "hired" or "non-owned" automobiles. In this way, the policy in Selander provided automobile liability coverage for automobiles owned by, or registered in the name of, the partner, but only while the vehicle was being used for business purposes.
The business partners were involved in an automobile accident that was negligently caused by the other driver involved in the accident. The truck that the partners were using at the time of the accident was owned by one of the partners and being used in the course of their business.
Faced with these facts, the Supreme Court of Ohio narrowly held that, "Where motor vehicle coverage is provided, even in limited form, uninsured coverage must be provided." Selander v. Erie Ins. Group,85 Ohio St.3d 541, 544, 1999-Ohio-287, 709 N.E.2d 1161.
 C. Davidson v. Motorists Mut. Ins. Co.
In Davidson v. Motorists Mut. Ins. Co., 91 Ohio St.3d 262,2001-Ohio-36, 744 N.E.2d 713, Davidson was seriously injured in an automobile collision caused by the negligence of the other driver involved in the collision. After being paid the full amount of the negligent driver's policy, Davidson received payment from his automobile liability policy's underinsured motorist provision. Davidson then sought payment from his homeowner's policy asserting that the policy contained UM/UIM coverage by operation of law because the policy provided incidental liability coverage for damages arising from the use of a certain limited class of vehicles. Among the vehicles covered were motorized vehicles "designed for recreational use off public roads, not subject to motor vehicle registration," motorized golf carts when used to play golf, and vehicles not subject to motor vehicle registration used in the maintenance of the property.
Construing the policy, the Supreme Court of Ohio held:
 "A homeowner's insurance policy provides limited coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is a not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage." Davidson v. Motorists Mut. Ins. Co., 91 Ohio St.3d 262, 2001-Ohio-36, 744 N.E.2d 713, syllabus.
In so holding, the Supreme Court of Ohio distinguished its decision inSelander on the basis that the policy in Selander provided express automobile liability coverage arising out of the use of automobiles that were used and operated on public roads and subject to motor vehicle registration. See Davidson v. Motorists Mut. Ins. Co., 91 Ohio St.3d 262,267-268, 2001-Ohio-36, 744 N.E.2d 713.[2] The court further stated that it found persuasive the reasoning used in the decision of the Ninth District Court of Appeals in Overton v. W. Res. Group (Dec. 8, 1999), Wayne App. No. 99CA0007.
In Overton, the Ninth District Court of Appeals refused to extend UM/UIM coverage under a policy similar to the one presented in Davidson
and in the case sub judice. In so doing, the court stated:
 "there is no direct liability coverage, even in a limited sense, for motor vehicles. The policy provision * * * specifically excludes coverage for bodily injury arising out of the use of motor vehicles. While the exclusion described does apply to specific conveyances such as recreational off-road conveyances and golf carts, this incidental coverage is simply not enough to transform a homeowner's policy into an automobile liability policy." Overton, supra.
The Overton court concluded by stating:
 "A homeowner's policy such as the policy at issue in this case cannot be reasonably construed to provide uninsured or underinsured motorist coverage where there is no automobile liability coverage intended by the parties or contained within the policy. `Common sense alone dictates that this [would be] an extension of coverage that the parties did not contemplate, bargain for, rate, or purchase.'" Overton, supra, quoting Scott-Pontzer v. Liberty Mut. Fire (1999), 85 Ohio St.3d 660, 670, 1999-Ohio-292, 710 N.E.2d 1116
(Stratton, J., dissenting).
 III. Appellant's Homeowner's Insurance Policy
The policy language upon which appellant relies to make her argument is intended to protect the homeowner from damages arising from bodily injury suffered by a resident employee during the course of the employee's employment due to the homeowner's negligence. The policy directly excludes coverage for bodily injury arising from "the ownership, maintenance, use, loading or unloading of motor vehicles." However, in order to fully protect the homeowner, the policy goes on to extend incidental coverage in one limited and special situation which involves a motor vehicle: a resident employee (e.g., a housekeeper) who, during the scope of his or her duties as a resident employee, was injured by the negligent driving of the insured homeowner would be covered by the policy.
Although the Supreme Court of Ohio's holding in Selander appears to dictate a finding that appellant's policy contains UM/UIM coverage by operation of law, the court's explanation of Selander in Davidson makes it clear that this is not the case. In Davidson, the Supreme Court of Ohio stated that some Ohio courts had misinterpreted the Selander decision and "erroneously extended UM/UIM coverage where none exists." Davidson v.Motorists Mut. Ins. Co., 91 Ohio St.3d 262, 267, 2001-Ohio-36,744 N.E.2d 713. In so holding, the Davidson court seems to rely on the fact that the vehicles covered by the policy language presented to the court in that case were "not subject to motor vehicle registration [nor] intended for use on a public highway." Id. at syllabus.
We do not agree with appellant that the inclusion of this extremely limited coverage for resident employees in a homeowner's insurance policy converts that policy into an automobile liability policy for purposes of R.C. 3937.18. In Davidson, the Supreme Court of Ohio stated that its decision in Selander "was never intended to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle."Davidson v. Motorists Mut. Ins. Co., 91 Ohio St.3d 262, 268,2001-Ohio-36, 744 N.E.2d 713.
Relying on the Davidson decision, the Eighth District Court of Appeals, in Davis v. Shelby Ins. Co. (2001), 144 Ohio App.3d 468,760 N.E.2d 855, addressed the exact argument with which we are presently faced. In addressing the present argument, the Davis court acknowledged that the Davidson decision did not address the argument presented herein and in Davis. However, the Eighth District Court of Appeals proceeded "to extend the reasoning of Davidson to the policy at issue in this case."Davis, supra. Davis noted the differences between homeowner's coverage and UM/UIM coverage:
"In the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." Davis v. Shelby Ins. Co.,144 Ohio App.3d 468, 473, 760 N.E.2d 855, quoting Davidson v. MotoristsMut. Ins. Co., 91 Ohio St.3d 262, 269, 2001-Ohio-36, 744 N.E.2d 713
(quoting Cincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604,608, 1999-Ohio-322, 710 N.E.2d 677).
The Eighth District Court of Appeals noted "that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." Id. Accordingly, the Davis court held that a homeowner's insurance policy with incidental coverage of a resident employee, as in the case subjudice, could not be construed so as to provide UM/UIM coverage. SeeDavis, supra.
In subsequent cases, the Eighth District Court of Appeals reaffirmed its holding in Davis. See Hillyer v. State Farm Fire Cas. Co. (Aug. 2, 2001), Cuyahoga App. No. 79176; Brozovic v. State Farm Fire Cas. Co. (Sept. 13, 2001), Cuyahoga App. No. 79084; Panozzo v. Allstate Ins. Co. (Sept. 13, 2001), Cuyahoga App. No. 79803; Burnett v. Amex Assur. Co. (Sept. 13, 2001), Cuyahoga App. No. 79802. Further, in Hillyer, supra, the Eight District Court of Appeals noted that, even "[i]f any UM/UIM coverage should have been offered [with the homeowner's insurance policy], it would have been limited to the residence employee only." SeeHillyer, supra. Accordingly, UM/UIM coverage may be afforded to a resident employee, but that coverage would not extend to the insured.
We find the reasoning of the Eighth District Court of Appeals to be persuasive.
We are aware of certain decisions from the Tenth District Court of Appeals that have construed the "residence employee" language in such a way to find that policies, such as the one sub judice, are effectively automobile liability policies pursuant to R.C. 3937.18. See, e.g., Lemmv. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251.[3]
However, we are unconvinced by those decisions because they extend UM/UIM coverage where none was anticipated or expected by the parties to the policy or the statute requiring that UM/UIM coverage be offered.
Accordingly, we find appellant's homeowner's insurance policy is not an automobile liability policy under R.C. 3937.18. Thus, no UM/UIM coverage is afforded by operation of law under the policy.
Therefore, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PIKE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 3937.18 was amended following the accident that killed IvorySowards. See Am.Sub.H.B. No. 261 (effective September 3, 1997),Am.Sub.S.B. No. 57 (effective November 2, 1999), and Am.Sub.S.B. No. 267(effective September 21, 2000). Thus, the amended version is inapplicablein the case sub judice and all references to the statute are to thepre-amended version in effect at the time of the decedent's death.
[2] The Davidson court was presented the exact issue presentedto this Court in the case sub judice, but chose not to address it.See Davidson, supra, fn. 2.
[3] The conflict arising from the decisions of the Eighth and TenthDistrict Courts of Appeals, concerning the issue presented in the casesub judice, is presently before the Supreme Court of Ohio forresolution. See Hillyer v. State Farm Fire Cas. Co. (2001),94 Ohio St.3d 1408, 759 N.E.2d 785; Lemm v. The Hartford (2001)93 Ohio St.3d 1475, 757 N.E.2d 773.