DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant Stanley J. Brown, individually; in his capacity as executor of the estate of Linda L. Brown, his deceased wife; and as representative for their children, appeals the judgment of the Ross County Court of Common Pleas, which granted Defendant-Appellee Buckeye State Mutual Insurance Company's motion for summary judgment. Appellant argues that the trial court erroneously found that the homeowner's insurance policy appellant purchased from appellee did not contain underinsured and uninsured motorist coverage by operation of law, pursuant to R.C. 3937.18. Accordingly, appellant concludes that the trial court erred in granting appellee's motion for summary judgment.
 {¶ 2} For the following reasons, we disagree with appellant and affirm the judgment of the trial court.
 The Trial Court Proceedings {¶ 3} On July 25, 1993, a two-car accident occurred in Ross County, Ohio. Seventeen-year-old Bryan Mills drove the motor vehicle he was operating left of center and collided with another vehicle driven by Plaintiff-Appellant Stanley J. Brown. Both vehicles contained several passengers. All occupants of the vehicles involved in this accident suffered injury. The collision also resulted in two fatalities: Linda L. Brown, appellant's wife, and Miranda Ater, a passenger in Mills' vehicle.
 {¶ 4} Mills was afforded liability coverage under the liability insurance policy of his aunt and uncle because he was residing with them at the time of the accident. This policy paid $1.2 million towards the claims of the Brown family. The remaining limits of the policy, approximately $800,000, were paid to the passengers injured in Mills' vehicle.
 {¶ 5} After settling with Mills and Mills' insurance provider, appellant presented a claim to his own automobile liability insurance policy provider, Defendant-Appellee Buckeye State Mutual Insurance Company, seeking coverage under the underinsured motorists portion of his policy. Following negotiations, appellant and appellee resolved appellant's claim under the automobile liability policy for $250,000.
 {¶ 6} In addition to the automobile policy, appellant also had in effect at the time of the accident, a homeowner's insurance policy issued by appellee. This homeowner's policy contained a single personal liability limit of $300,000. The policy excludes coverage for bodily injury or property damage resulting from the "the ownership, operation, maintenance, [or] use * * * of motorized vehicles." However, the policy did provide coverage for bodily injury to a "domestic employee" occurring during the course of the employee's employment.
 {¶ 7} In October 2000, appellant filed a complaint for declaratory judgment in the Ross County Court of Common Pleas. The appellant sought the trial court's declaration that the homeowner's policy purchased by appellant from appellee provided uninsured motorist and underinsured motorist (UM/UIM) coverage by operation of law, in an amount up to $300,000.
 {¶ 8} Appellee filed its answer on November 15, 2000.
 {¶ 9} Subsequently, cross motions for summary judgment were filed by the parties. The parties asserted that no genuine issues of material fact existed and agreed that the issue to be determined was whether the homeowner's policy provided UM/UIM coverage by operation of law. The parties submitted several memoranda in support of their motions and in opposition to their opponent's motion.
 {¶ 10} On January 10, 2002, the trial court entered its decision granting summary judgment in favor of appellee, finding that the domestic employee exception to the motor vehicle exclusion did not give rise to UM/UIM coverage for appellant.
 The Appeal {¶ 11} Appellant timely filed his notice of appeal and presents the following assignment of error for our review: "The trial court erred in granting summary judgment to Appellee Buckeye State Mutual Insurance Co. and in denying summary judgment to Appellants because Appellee was required to have offered uninsured/underinsured motorist coverage for its policy and having failed to do so, uninsured/underinsured motorist coverage was imposed as a matter of law upon Appellee and is available to Appellants."
 {¶ 12} Appellant's sole assignment of error challenges the trial court's decision granting summary judgment in favor of appellee. We conduct a de novo review of the trial court's grant of summary judgment pursuant to Civ.R. 56. See Renner v. Derrin Acquisition Corp. (1996),111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has laid out the proper test to determine whether summary judgment is appropriate.
 {¶ 13} "Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Industries, Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129 quoting Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 14} Therefore, we give no deference to the judgment of the trial court. See Renner, supra.
 {¶ 15} At the outset, we note that appellant's precise argument has recently been presented to, and decided by, this Court. See Sowardsv. Western Reserve Mut. Cas. Co., Pike App. No. 01CA675, 2002-Ohio-4409. The appellant in Sowards asserted that her homeowner's policy, which included similar language to that in the one sub judice, provided UM/UIM coverage by operation of law because the very limited coverage provided for a domestic or resident employee. See id.
 {¶ 16} In Sowards, we agreed with the reasoning adopted by the Eighth District Court of Appeals and its application of Davidson v.Motorists Mut. Ins. Co., 91 Ohio St.3d 262, 2001-Ohio-36, 744 N.E.2d 713, rejecting the contention that UM/UIM coverage arises by operation of law under homeowner's policies that provide limited coverage to domestic or resident employees. See id. Conversely, we rejected the reasoning applied by the Tenth District Court of Appeals. See id.
 {¶ 17} In adopting the reasoning of the Eighth Appellate District, we noted, as they did, that the Supreme Court of Ohio explained the differences between automobile liability policies and homeowner's policies. See Sowards, supra.
 {¶ 18} "In the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." Davidson v.Motorists Mut. Ins. Co., 91 Ohio St.3d 262, 269, 2001-Ohio-36,744 N.E.2d 713, quoting Cincinnati Indemn. Co. v. Martin (1999),85 Ohio St.3d 604, 608, 1999-Ohio-322, 710 N.E.2d 677; see, also, Davisv. Shelby Ins. Co. (2001), 144 Ohio App.3d 468, 760 N.E.2d 855.
 {¶ 19} Further, in Sowards, we agreed with the Eighth District Court of Appeals "that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." See Sowards, supra, quoting Davis v.Shelby Ins. Co., 144 Ohio App.3d 468, 473, 760 N.E.2d 855.
 {¶ 20} Finally, we noted in Sowards that the Eighth District Court of Appeals reaffirmed its holding in Davis in subsequent cases. SeeSowards, supra, citing Hillyer v. State Farm Fire Cas. Co. (Aug. 2, 2001), Cuyahoga App. No. 79176; Brozovic v. State Farm Fire Cas. Co. (Sept. 13, 2001), Cuyahoga App. No. 79084; Panozzo v. AllstateIns. Co. (Sept. 13, 2001), Cuyahoga App. No. 79803; Burnett v. AmexAssur. Co. (Sept. 13, 2001), Cuyahoga App. No. 79802.
 {¶ 21} Of particular importance was the Eighth District Court of Appeals' decision in Hillyer, where the court noted, as the trial court did in the case sub judice, that even "[i]f any UM/UIM coverage should have been offered [with the homeowner's insurance policy], it would have been limited to the residence employee only." See Hillyer, supra. Accordingly, UM/UIM coverage may be afforded to a resident employee, but that coverage would not extend to the insured in this case.
 {¶ 22} Consequently, we find, as we did in Sowards, that appellant's homeowner's insurance policy is not an automobile liability policy under R.C. 3937.18. Thus, no UM/UIM coverage is afforded by operation of law under the policy.[1]
 {¶ 23} Thus, we overrule appellant's sole assignment of error and affirm the well-reasoned judgment of the trial court.
Judgment affirmed.
Abele, P.J., and Kline, J.: Concur in Judgment and Opinion.
[1] As we noted in Sowards, the conflict arising from the decisions of the Eighth and Tenth District Courts of Appeals, concerning the issue presented in the case sub judice, is presently before the Supreme Court of Ohio for resolution. See Hillyer v. State Farm Fire Cas. Co.
(2001), 94 Ohio St.3d 1408; Lemm v. The Hartford (2001) 93 Ohio St.3d 1475,757 N.E.2d 773.