JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Carmen Mazzocki as administrator of the estate of Michael Mazzocki, appeals the decision of the Cuyahoga County Common Pleas Court that granted the motion for summary judgment filed by defendant-appellee, State Farm Fire Casualty Company, and declared that a commercial general liability policy issued to Mazzocki's employer was not an automobile liability policy for purposes of underinsured motorists coverage. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that Michael Mazzocki was traveling eastbound on State Route 2 in Mentor, Ohio on August 13, 1988 when a westbound vehicle driven by Glenn Schulz traveled left of center and collided head-on with Mazzocki's vehicle. Both Mazzocki and Schulz died as a result of the collision. At the time of his death, Mazzocki was employed by Mama Rosa's Pizza.
 {¶ 3} In September 2001, Carmen Mazzocki, decedent's father and administrator of his estate, filed a declaratory judgment action seeking a declaration that the estate is entitled to recover underinsured motorist benefits under a commercial general liability policy issued to Mama Rosa's Pizza by defendant-appellee, State Farm Fire Casualty Company ("State Farm"). In its motion for summary judgment that followed, State Farm argued that the policy at issue is not an automobile liability policy and, as a result, it was not necessary for State Farm to offer uninsured/underinsured ("UM/UIM") coverage. State Farm alternatively argued that even if the trial court were to find that UIM coverage arose by operation of law, appellant failed to protect State Farm's right of subrogation when appellant failed to promptly notify State Farm and, as such, breached a condition precedent under the policy at issue. Appellant opposed the motion, relying on Selander v. Erie Ins.Group (1999), 85 Ohio St.3d 541 for the proposition that where a policy of insurance provides automobile coverage, even in limited circumstances, the insurer is required to offer UM/UIM coverage and when it fails to do so this coverage arises by operation of law. As pertains to State Farm's subrogation argument, appellant in opposition maintained that notice provision is inapplicable to UM/UIM coverage that arises under operation of law and therefore no condition precedent has been breached. Appellant alternatively maintains that State Farm suffered no prejudice as a result of appellant's settlement with the tortfeasor's insurer because the tortfeasor's estate was insolvent and was, therefore, uncollectible.
 {¶ 4} The trial court ultimately granted State Farm's motion and declared that the "general commercial liability policy is not an automobile or motor vehicle liability policy under Ohio law." Having found as much, the trial court did not declare any rights of the respective parties as to State Farm's alternative argument and appellant's response in opposition.
 {¶ 5} Appellant is now before this court and in his sole assignment of error claims that the trial court erred in finding that appellant was not entitled to underinsured motorist coverage under the commercial general liability policy issued to decedent's employer, Mama Rosa's Pizza.
 {¶ 6} The State Farm policy provides that it will "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, property damage or personal injury caused by an occurrence * * *." However, under Coverage L, this policy excludes damages for "bodily injury * * * arising out of the ownership, maintenance, operation, use, loading or unloading of * * * any automobile * * * owned or operated by or rented or loaned to any insured * * * or * * * any other automobile * * * operated by any person in the course of their employment by any insured." This exclusion is subject to exceptions, however. One such exception provides:
 {¶ 7} "This exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the named insured or on the ways immediately adjoining, if such automobile is not owned by or rented or loaned to any insured."
 {¶ 8} The exclusion is likewise inapplicable if a non-owned private or commercial automobile is used in the business of the named insured.
 {¶ 9} "This exclusion does not apply to the following if used in the business of the named insured:
 {¶ 10} "(1) the use by any person, other than the named insured, of a non-owned private passenger automobile;
 {¶ 11} "(2) the use of any non-owned commercial automobile by an employee of the named insured if the use is occasional and infrequent."
 {¶ 12} The issue of whether appellant's decedent was an insured under the commercial general liability policy was not an argument raised by State Farm in its motion for summary judgment nor addressed by appellant in opposition thereto. On the contrary, State Farm argued that the commercial general liability policy was not an automobile policy, and the trial court declared the rights of the parties in accordance with that argument. Because an appellate court reviews a trial court's decision on a motion for summary judgment de novo, Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105, we are confined to reviewing whether summary judgment was appropriately granted. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C). Consequently, we will confine our review to the arguments raised by that motion and the court's declaration relative thereto. The issue on review then becomes whether the trial court correctly determined that the commercial general liability policy was not an automobile liability policy for purposes of underinsured motorist benefits.[1]
 {¶ 13} In Selander, 85 Ohio St.3d 541, the Supreme Court of Ohio found that a general business policy was an "automobile policy" for purposes of R.C. 3937.18, because it extended liability coverage for "hired" and "non-owned" automobiles. Appellant seeks to extend this reasoning and urges us to find underinsured motorist coverage in the commercial general liability policy at issue, which provides automobile coverage under an exception to an exclusion when an injury occurs while an insured is parking a non-owned auto at or near the insured's premises or while using a non-owned auto in the employer's business. We decline to do so.
 {¶ 14} In distinguishing Selander, the Ohio Supreme Court inDavidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262 found that the general business liability policy in Selander specifically provided limited coverage for liability coverage for claims arising out of the use of hired or non-owned automobiles used in the insured's business. Since there was express automobile liability coverage arising out of the use of these automobiles, the Davidson court reasoned that UM/UIM coverage was required. The Davidson court stated:
 {¶ 15} "In contrast, the policy at issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property.
 {¶ 16} "Moreover, we never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. Instead, Selander stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration." Id.
 {¶ 17} In Davis v. Shelby Ins. Co. (2001), 144 Ohio App.3d 468, we extended this reasoning to a homeowner's policy providing limited automobile coverage under a residence employee exception to an exclusion contained in that policy. Finding that the policy only provided incidental coverage, we declined to convert the homeowner's policy into an automobile liability policy for purposes of UM/UIM coverage. The Ohio Supreme Court agreed with this conclusion in Hillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411, 2002-Ohio-6662, wherein it was held that a "residence-employee clause in an insurance policy that provides coverage incidental to home ownership does not convert the policy into a motor vehicle policy subject to the mandates of former R.C. 3937.18." Id. at ¶ 13.
 {¶ 18} To be sure, Hillyer, Davidson and Davis all construed homeowner's policies, unlike the commercial general liability policy at issue in this case. Nonetheless, a policy's title is not determinative. "[I]t is the type of coverage provided, not the label affixed by the insurer, that determines the type of policy." Id. at ¶ 16, citingSelander, 85 Ohio St.3d at 545.
 {¶ 19} Consequently, in determining whether coverage in a policy of insurance is incidental, Hillyer requires us to look at the type of coverage provided by the policy. Id. at ¶ 22. Elucidating its decision in Davidson, the Hillyer court stated that the coverage inDavidson was incidental not because it involved recreational vehicles but rather "it was incidental primarily because coverage of those vehicles was remote from and insignificant to the type of overall coverage the policy provided." Id.
 {¶ 20} Unlike Selander where there was express coverage under a business liability policy, there is no express provision of coverage in the within policy. To the contrary, coverage is available only if an exception to a general exclusion is applicable. Similar to the policies at issue in Davidson and Hillyer, that coverage is limited by class of vehicles and is available only under narrow circumstances; namely under the parking and non-owned business use exceptions. This narrow class of coverage supports that it is remote from and insignificant to the overall type of coverage afforded under the commercial general liability policy of insurance at issue in this case. Because the use of an automobile is merely incidental to coverage afforded under the commercial general liability policy, we find that the limited liability coverage that may arise under this policy is insufficient to transform the policy into an automobile policy for purposes of UIM coverage.
 {¶ 21} We acknowledge that the Fifth Appellate District has reached a contrary conclusion. See German v. Therm-O-Disc, Inc. (Mar. 28, 2002), 5th Dist. No. 01CA51-2, 2002 Ohio App. Lexis 1844, appeal granted (2002) 93 Ohio St.3d 1488. Indeed the policy language in that case is similar and provides coverage under an exception to an exclusion contained in a commercial general liability policy of insurance issued to the employer of the injured party. The German court found that this policy provided "motor vehicle coverage, albeit in limited circumstances" and therefore qualified as an automobile liability policy under former R.C. 3937.18. We are, nonetheless, unpersuaded by their reasoning.
 {¶ 22} Accordingly, we agree with the trial court that the commercial general liability policy at issue in this case is not an automobile liability policy for purposes of underinsured motorist coverage. Appellant's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., CONCUR
[1] On appeal and at oral argument, the parties each addressed the issue of whether appellant's decedent was an insured under the commercial general liability policy as analyzed in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660. This issue was not raised below and we will not consider it for the first time on appeal. Ohio FarmersIns. Co. v. Estate of Brace (1997), 116 Ohio App.3d 395, quoting AMF,Inc., v. Mravec (1981), 2 Ohio App.3d 29; see, also, Stores Realty Co.v. Cleveland (1975), 41 Ohio St.2d 41.