**John Mark TATE, Plaintiff,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant.**

**No. 2:00–CV–642.**

United States District Court,
S.D. Ohio,
Eastern Division.

Jan. 15, 2002.

Jeffrey H. Friedman, Stephen Scott Vanek, Friedman, Damiano & Smith, Cleveland, OH, for plaintiff.

David L. Lester, Ulmer & Berne, Cleveland, OH, for defendant.

## OPINION AND ORDER

KING, United States Magistrate Judge.

This is a diversity action for a declaration of the rights and obligations of the parties in connection with coverage under a homeowner's insurance policy issued by defendant State Farm Fire & Casualty Company to plaintiff's parents. With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on cross-motions for summary judgment.

### I. Background

Plaintiff John Mark Tate is a resident of Ohio. *Complaint,* ¶ 1. Plaintiff names as a defendant State Farm Fire & Casualty Company ["State Farm"], an Illinois corporation with its principal place of business in Illinois. *Notice of Removal,* ¶ 6.

On April 9, 1995, plaintiff was a passenger in a motor vehicle operated by one William Pirnat. *Complaint,* ¶ 3. Plaintiff asserts that Pirnat negligently operated the motor vehicle, and thereby caused an accident that resulted in severe injuries to plaintiff. The vehicle was insured by Nationwide Insurance Company ["Nationwide"], *Id.* Nationwide tendered the limits of its automobile insurance policy to settle plaintiff's claim against Pirnat. *Id.,* ¶ 4.

At the time of the accident, plaintiff's parents, Jo and Vinson Tate, were insured under a homeowner's insurance policy, # 35–E4–1849–4, issued to them by State Farm. *Id.,* ¶¶ 1–2. That policy provided liability coverage of $300,000. *Id.,* ¶ 2. Plaintiff presented a claim to State Farm under his parents' homeowner's insurance policy for underinsured motorist coverage. State Farm denied plaintiff's claim.

## II. Discussion

### A. Summary Judgment Standard

Both parties have filed motions for summary judgment. Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing

sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505. "When dealing with cross-motions for summary judgment, these same rules of review apply." *Atlantic Richfield Co. v. Monarch Leasing Co.,* 84 F.3d 204, 206 (6th Cir. 1996).

### B. Application

After exhausting the limits of liability against the tortfeasor's insurance company, plaintiff now contends that he is entitled, by operation of Ohio law, to underinsured motorist benefits under State Farm's homeowner's policy.

Former R.C. § 3937.18 requires that uninsured and underinsured motorist coverage be made available under automobile liability insurance policies.[1] If uninsured and underinsured motorist coverage is not offered, it becomes part of the policy by operation of law. *See Davidson v. Motorists Mut. Ins. Co.,* 91 Ohio St.3d 262, 264, 744 N.E.2d 713 (2001); *Abate v. Pioneer Mut. Cas. Co.,* 22 Ohio St.2d 161, 258 N.E.2d 429 (1970). "The courts have construed [R.C. § 3937.18] broadly to provide coverage where none was intended by either of the parties to the contract." *Hillyer v. State Farm Fire & Cas. Co.,* No. 79176, 2001 WL 898424, at *1 (Cuyahoga Cty. Ct.App. Aug. 2, 2001). *See also*

---

1. Although the parties disagree as to which version of R.C. § 3937.18(A) is applicable to the facts of this case, the Court notes that both OHIO REV. CODE ANN. § 3937.18(A)(1)–(2) (1993) and OHIO REV.

CODE ANN. § 3937.18(A)(1)–(2) (1995) require the provision of uninsured and underinsured motorist coverage with all motor vehicle liability policies.

*Scott–Pontzer v. Liberty Mutual*, 85 Ohio St.3d 660, 666, 710 N.E.2d 1116 (1999). The fact that the policy in question is a homeowner's insurance policy is not determinative. The Supreme Court of Ohio has stated that "the type of policy is determined by the type of coverage provided, not by the label affixed by the insurer." *Selander v. Erie Ins. Group*, 85 Ohio St.3d 541, 546, 709 N.E.2d 1161 (1999) (quoting *St. Paul Fire & Marine Ins. Co. v. Gilmore*, 168 Ariz. 159, 812 P.2d 977, 983 (1991)).

The policy at issue in this case provides in pertinent part:

SECTION II—EXCLUSIONS

Coverage [does] not apply to:

\*　　\*　　\*　　\*　　\*　　\*

e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of . . .

(2) a motor vehicle owned or operated by or rented or loaned to any insured . . . .

This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured . . . .

*Exhibit A attached to Plaintiff's Motion for Summary Judgment.* The policy also includes a definition of "motor vehicle":

a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an **insured location** is not a **motor vehicle**;

b. a trailer or semi-trailer designed for travel on public roads or subject to mo-

tor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in [subsection a.] is not a motor vehicle.

*Id.* [emphasis in original].

Although the Supreme Court of Ohio in *Davidson v. Motorists Mut. Ins. Co., supra,* 91 Ohio St.3d 262, 744 N.E.2d 713, declined to address whether the "residence employee" exception found in a homeowner's insurance policy converted that policy into one for automobile insurance subject to the uninsured and underinsured motorist provisions of R.C. § 3937.18 because the issue had not been raised in the lower courts, *Id.,* at 265 n. 2, 744 N.E.2d 713, the decision in that case nevertheless provides this Court with some guidance in resolving the issue presented in this case.[2] In *Davidson,* the Supreme Court of Ohio held:

A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.

*Id.,* at 263, 744 N.E.2d 713, syllabus. The *Davidson* court based its decision on several factors. First, the Court distinguished its decision in *Selander v. Erie Ins. Group,* 85 Ohio St.3d 541, 709 N.E.2d 1161 (1999), because the facts presented in that case were different from those presented in *Davidson:*

**2.** Due to a conflict in the Ohio courts of appeal, the following issue has been certified to the Supreme Court of Ohio:

When a homeowner's insurance policy provides express liability for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the

course of that employment, is the policy deemed an automobile liability or motor vehicle policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage?

*Lemm v. The Hartford,* 93 Ohio St.3d 1475, 757 N.E.2d 773 (2001).

In *Selander,* we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads .... In contrast, the policy at issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property.

*Id.,* at 267, 744 N.E.2d 713. The Court stated, "Clearly, the policy in *Selander* was deemed an automobile liability or motor vehicle policy precisely because there was express liability coverage arising from the use of automobiles." *Id.,* at 267–68, 709 N.E.2d 1161. The Ohio Supreme Court explained that it

never intended *Selander* to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. Instead, *Selander* stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance *expressly* provides coverage for motor vehicles *without qualification as to design or necessity for motor vehicle registration.*

*Id.,* at 268, 709 N.E.2d 1161 [emphasis added].

Second, the *Davidson* court based its decision on the differing purposes of homeowner's insurance policies and uninsured and underinsured motorist coverage:

[I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the in-

sured's home. In contrast, the purpose of uninsured motorist coverage is "to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated."

*Id.,* at 262, 744 N.E.2d 713 (quoting *Cincinnati Indemn. Co. v. Martin,* 85 Ohio St.3d 604, 608, 710 N.E.2d 677 (1999)). Finally, the Ohio Supreme Court stated, "Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." *Id.,* at 269, 744 N.E.2d 713.

Following the *Davidson* decision, several courts have addressed the issue whether a residence employee provision similar to that at issue in this case converts a homeowner's policy into an automobile policy. Some courts have concluded that such a provision does not render the policy subject to underinsured motorist coverage. *E.g., Mizen v. State Farm Fire & Cas. Co.,* No. 1:00CV1249, *Opinion and Order* (N.D.Ohio July 2, 2001)(interpreting the same language regarding exclusions and the "residence employee" exception); *Rogers v. State Farm Fire & Cas. Co.,* No. 1:00CV2317, *Opinion and Order* (N.D.Ohio July 2, 2001)(interpreting the same language regarding exclusions and the "residence employee" exception); *Hillyer v. State Farm Fire & Cas. Co.,* No. 79176, 2001 WL 898424 (Cuyahoga Cy. Ct.App. Aug. 2, 2001); *Jones v. Nationwide Ins. Co.,* No. 2000CA00329, 2001 WL 842024 (Stark Cy. Ct.App. July 23, 2001); *Davis v. Shelby Ins. Co.,* 144 Ohio App.3d 468, 760 N.E.2d 855 (Cuyahoga Cy. Ct.App. 2001); *Brad v. State Farm Fire & Cas. Co.,* No. 00–2900, *Order* (Montgomery Common Pleas Ct. May 15, 2001). Other courts have concluded that a residence em-

ployee exception in a homeowner's policy converts the homeowner's policy to an automobile liability policy subject to underinsured motorist coverage. *E.g., Lemm v. The Hartford,* No. 01AP–251, 2001 WL 1167585 (Franklin Cy. Ct.App. Oct. 4, 2001); *Wodrich v. Farmers Ins. of Columbus, Inc.,* No. 98CA103, 1999 WL 317448 (Greene Cy. Ct.App. May 21, 1999) (decided prior to *Davidson v. Motorists Mut. Ins. Co.,* 91 Ohio St.3d 262, 744 N.E.2d 713); *Turner v. Pfleager,* No. 99CB–C–12–432, *Judgment Entry* (Delaware Cy. Common Pleas Ct. July 5, 2001); *Cincinnati Ins. Co. v. Torok,* No. 00–CV–147, *Order* (Jefferson Cy. Common Pleas Ct. May 22, 2001).

The Court notes that the "*Davidson* decision signals a greater emphasis on the express language used in insurance policies." *Marino v. Cincinnati Ins. Co.,* No. CV–414468, *Opinion and Order* (Cuyahoga Common Pleas Ct. May 14, 2001), at 6–7. In the case at bar, the homeowner's policy offers no express liability coverage for motor vehicles. Indeed, the policy specifically excludes from coverage bodily injury arising out of the use of a motor vehicle. "While there is an exception for injuries to residence employees involving motor vehicle accidents arising out of the course of their employment with the insured, this is not the equivalent of express provision of coverage for a class of motor vehicles."[3] *Mizen v. State Farm Fire & Cas. Co.,* No. 1:00CV1249, *Opinion and Order* (N.D.Ohio July 2, 2001), at 11. *See also Rogers v.* *State Farm Fire & Cas. Co.,* No. 1:00CV2317, *Opinion and Order* (N.D.Ohio July 2, 2001), at 12.

This Court concludes that the policy at issue does not "include coverage for liability arising out of the use of motor vehicles [as in *Selander,* 85 Ohio St.3d 541, 709 N.E.2d 1161, but] ... provides 'incidental coverage' [as does the policy in *Davidson,* 91 Ohio St.3d 262, 744 N.E.2d 713]." *Mizen,* No. 1:00CV1249, *Opinion and Order,* at 11. *See also Rogers,* No. 1:00CV2317, *Opinion and Order,* at 12. Furthermore, "[w]hile the vehicles in *Davidson* were not subject to motor vehicle registration and were designed for off-road use or use around the insured's property, this distinction alone is insufficient to bring the instant policy within the parameters of [R.C.] § 3937.18." *Mizen,* No. 1:00CV1249, *Opinion and Order,* at 11. *See also Rogers,* No. 1:00CV2317, *Opinion and Order,* at 12. Thus, plaintiff is not entitled to underinsured motorist coverage under State Farm's homeowner's policy.

## III. Conclusion

Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The Clerk is **ORDERED** to enter **FINAL JUDGMENT** in favor of defendant.

---

3.

The homeowner's policy in this case is similar to the *Selander* policy to the extent that it provides motor vehicle liability coverage under certain circumstances for accidents involving vehicles that are subject to registration. However, the limited liability coverage in [the] homeowner's policy does not arise from an express provision. It is merely implied. In *Selander,* the insurance policy sets forth in detail the circumstances under which motor vehicle liability coverage will be provided in a discrete subsection titled "Non–Owned Automobile Liability." In contrast, a number of subsections must be read together before it becomes apparent that [the] homeowner's policy provides motor vehicle liability coverage under certain limited circumstances. *Marino v. Cincinnati Ins. Co.,* No. CV–414468, *Opinion and Order* (Cuyahoga Common Pleas Ct. May 14, 2001), at 7–8.