OPINION
The plaintiff/appellant, Patricia Boughan, appeals the judgment of the Allen County Court of Common Pleas, granting summary judgment on behalf of the appellee, State Farm Fire Casualty Company. Based on the following, we hereby affirm the judgment of the trial court.
The following facts and procedural history are relevant to the instant appeal. On February 11, 1997, the appellant was injured in a car accident in Bradenton, Manatee County, Florida.[1] The driver of the other vehicle, Nathan J. Thraen, was allegedly at fault. The appellant claims to have suffered serious and permanent injury as a result of the collision.
The appellant settled with Mr. Thraen's insurance company for the limits of his policy. Thereafter, she filed a complaint against the appellee,[2] with which she has a homeowner's policy, asserting that the policy should be deemed to provide uninsured/underinsured motorist coverage. The appellee filed for summary judgment, contending that uninsured/underinsured motorist coverage did not exist by operation of law under the homeowner policy. The trial court agreed and granted summary judgment on behalf of the appellee on February 1, 2002. The instant appeal followed. The appellant asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The State Farm Homeowners Policy provides UM/UIM coverage by operation of law."
In her sole assignment of error, the appellant argues that the trial court erred by finding that her State Farm homeowner's policy did not provide uninsured/underinsured motorist coverage by operation of law. Based on the following, we disagree with the appellant.
In considering an appeal from the granting of a summary judgment, our review is de novo, giving no deference to the trial court's determination.[3] Accordingly, we apply the same standard for summary judgment as did the lower court.[4]
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.[5] The initial burden in a summary judgment motion lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.[6] Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of act, if any, timely filed in the action.[7]
Former R.C. 3937.18, as amended by S.B. 20,[8] which was in effect at the time of the accident, provides:
 "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons: [uninsured and underinsured motorist coverage]."
Thus, the statute mandates that automobile liability insurance policies issued in Ohio must contain an uninsured/underinsured motorist provision which protects the insured from losses occasioned by the negligence of uninsured or underinsured motorists.[9] If such coverage is not part of the policy, it will be created by operation of law unless it has been expressly offered by the insurer and rejected by the insured in writing prior to coverage beginning.[10]
Neither party contends that uninsured/underinsured motorist coverage is part of the instant policy or that it was at any time offered by the insurer and rejected by the insured. Thus, the question for our review is whether the State Farm homeowners policy should be construed as a motor vehicle liability policy so that uninsured/underinsured coverage is created by operation of law.
To determine whether the appellant's homeowner's policy should be considered a motor vehicle liability policy, we turn first to the language of the policy. The appellant bases her argument upon what has become known as a "residence employee" exception to the exclusions included in her State Farm policy. The relevant portion of the appellant's homeowner policy reads as follows:
"SECTION II — EXCLUSIONS
"1. Coverage L and Coverage M do not apply to:
"* * *
 "e. bodily injury or property damage arising out of the ownership, maintenance, use, loading, or unloading of:
"* * *
 "(2) a motor vehicle owned or operated by or rented or loaned to any insured * * *
 "This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured.
* * *"
The Ohio State Supreme Court, in Davidson v. Motorists Mut. Ins.Co.[11] declined to address whether the inclusion of a "residence employee" exception in a homeowners policy transformed it to an automobile liability insurance policy. However, several of our sister appellate courts, as well as federal district courts, have addressed the issue, arriving at different conclusions. Some have resolved that such a provision does not render the policy subject to uninsured/underinsured motorist coverage.[12] Conversely, other courts have held that a "residence employee" exception converts a homeowners policy to an automobile liability policy subject to uninsured/underinsured motorist coverage.[13] Currently, this very matter is before the Ohio Supreme Court upon certification of a conflict between the Eighth and Tenth District Courts of Appeal.
This court finds the Eighth District's approach in Davis v. ShelbyIns. Co.,[14] persuasive. Consequently, we find that the inclusion of a "residence employee" exception in a homeowners policy does not transform that policy into an automobile insurance policy subject to the requirements of former R.C. 3937.18.
We believe that our holding today is in keeping with the recent decisions of the Ohio Supreme Court in Davidson and Overton v. WesternRes. Group.[15] In those decisions, the court refined its holding inSelander v. Erie Ins. Group, wherein it found that a general business policy was an "automobile policy" for purposes of R.C. 3937.18 because it extended liability coverage for "hired" and "non-owned" automobiles.[16]
However, in Davidson and Overton, the court declined to extend this ruling where the policies in question included coverage for off-road conveyances like golf carts not subject to motor vehicle registration nor intended for use on a public road way.[17] The Davidson court stated: [W]e never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specific type of motorized vehicle.[18]
We concur with the Eighth District that the reasoning from Davidson is readily extended to the context of the "residence employee" provision. The "residence employee" exception "is not the equivalent of [an] express provision of coverage for a class of class of motor vehicles,"[19]
rather, the coverage provided amounts to only incidental coverage, like the policy in Davidson.[20]
Accordingly, the appellant's assignment of error is not well-taken and is hereby denied.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] Although the accident occurred in Florida, the parties have agreedthat, pursuant to Ohayon v. Safeco. Ins. Co. of Ill., 91 Ohio St.3d 474,2001-Ohio-100, the case should be decided according to Ohio law.
[2] In that same complaint, the appellant also sued Grange Mutual Casualty Company and John Does One through Five.
[3] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[4] Parent v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829.
[5] Civ.R. 56(C); Horton v. Harwick Chemical Corp., 73 Ohio St.3d 679,686-87, 1995-Ohio-286.
[6] Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
[7] Civ.R. 56(C).
[8] The parties have stipulated that this version of R.C. 3937.18, as opposed to the current version as amended by S.B. 97, applies herein.
[9] Schumacher v. Kreiner, 88 Ohio St.3d 358, 359, 2000-Ohio-344.
[10] Id. at 359-60, citing R.C. 3937.18 and Gyori v. Johnson Coca-ColaBottling Group, Inc., 76 Ohio St.3d 565, 1996-Ohio-358.
[11] 91 Ohio St.3d 262, 2001-Ohio-36.
[12] Tate v. State Farm Fire Cas. Co. (S.D.Ohio 2002),184 F. Supp.2d 713; Ruiz v. Rygalski (March 29, 2002), Lucas App. No.L-01-1363; Davis v. Shelby Ins. Co. (2001), 144 Ohio App.3d 468; Mizenv. State Farm Fire Cas. Co. (N.D.Ohio. 2001), No. 1:00CV1249, Opinion Order; Hillyer v. State Farm Fire Cas. Co. (Aug. 2, 2001), CuyahogaApp. No. 79176; Jones v. Nationwide Ins. Co. (July 23, 2001), Stark App. No. 2000CA329.
[13] Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251;Wodrich v. Farmers Ins. Of Columbus, Inc. (May 21, 1999), Greene App. No. 98 CA 103.
[14] (2001), 144 Ohio App.3d 468.
[15] 91 Ohio St.3d 333, 2001-Ohio-62.
[16] 85 Ohio St.3d 541, 546, 1999-Ohio-286.
[17] Davidson, syllabus.
[18] Id. at 268.
[19] Mizen, supra.
[20] Tate, 184 F. Supp.2d at 716.