This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Betty Wetterau, appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to Appellee, Republic-Franklin Insurance Company ("Republic-Franklin"), finding that Wetterau did not have underinsured motorists coverage under her family's homeowner's insurance policy. We affirm.
The basic facts of this case are not disputed. Wetterau was seriously injured in a one-car automobile collision on July 25, 1991. The car was driven by Elizabeth Dobbins and was owned by her sister Anne Dobbins. Because Wetterau's damages exceeded the applicable automobile liability insurance limits, she sought underinsured motorist coverage from her homeowner's insurance carrier, Republic-Franklin. Republic-Franklin denied coverage and Wetterau filed this declaratory judgment action, seeking a declaration that she was entitled to underinsured motorist coverage under her homeowner's insurance policy and that Republic-Franklin had acted in bad faith in denying coverage.[1]
Wetterau alleged that, because her homeowner's policy provided automobile liability coverage for "bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured[,]" it qualified as an automobile liability policy under former R.C. 3739.18 and Republic-Franklin was required to offer her uninsured/underinsured motorist ("UM/UIM") coverage. See Selander v. ErieIns. Group (1999), 85 Ohio St.3d 541. Wetterau further alleged that, because Republic-Franklin did not offer her UM/UIM coverage, the court must impose it by operation of law.
Republic-Franklin moved for summary judgment, based on the specific language of the relevant policy and supporting case law, contending that this homeowner's insurance policy did not qualify as an automobile liability policy and that, therefore, the provisions of R.C. 3739.18 do not apply to impose UM/UIM by operation of law. Wetterau filed a brief in opposition as well as a cross-motion for summary judgment based on this same issue. She pointed to legal authority that such policies do constitute automobile liability policies within the meaning of former R.C. 3937.18. The trial court found that this policy did not qualify as an automobile liability policy and that, consequently, Wetterau had no UM/UIM coverage under the policy. The trial court granted summary judgment in favor of Republic-Franklin. Wetterau appeals, assigning one error for review.
 ASSIGNMENT OF ERROR "The Trial Court erred in granting Appellee's Motion for Summary Judgment."
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686.
Republic-Franklin moved for summary judgment, pointing to the relevant language of the policy and supporting case law, asserting that this homeowner's policy was not an automobile liability policy within the meaning of former R.C. 3937.18(A) and that, consequently, no UM/UIM coverage should be imposed. Wetterau responded in opposition, pointing contrary authority.
The sole issue before us is whether Wetterau's homeowner's insurance policy with Republic-Franklin constituted an "automobile liability policy" within the meaning of the former R.C. 3937.18(A), which provided, in relevant part, that "[n]o automobile or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered * * * in this state with respect to any motor vehicle registered or principally garaged in this state" unless both uninsured and underinsured motorist coverage are provided.
In Selander, 85 Ohio St.3d at 544-545, the Supreme Court held that the general liability policy held by Selander's business constituted an automobile liability policy under R.C. 3937.18 because the policy provided automobile liability coverage for "hired" or "non-owned" automobiles. This limited automobile liability coverage, according to a majority of the court, was sufficient to satisfy the requirement of former R.C. 3937.18[2] that no motor vehicle policy be delivered in this state with respect to any motor vehicle registered or principally garaged in this state.
In Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262, 268, the Supreme Court explained that "we never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle." Distinguishing the Selander policy from the one at issue in Davidson, the court stated, "In Selander, we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads. Since there was express automobileliability coverage arising out of the use of these automobiles, wereasoned that UM/UIM coverage was required." (Emphasis added.) Davidson,91 Ohio St.3d at 267.
Wetterau's homeowner's policy explicitly excluded liability coverage, in Exclusion e, for "the ownership, maintenance, use, loading or unloading of motor vehicles * * *." The policy also included an exception to this exclusion, however, commonly referred to as the residence employee exception: "Exclusions d, e, f, and g do not apply to bodilyinjury to a residence employee arising out of and in the course of theresidence employee's employment by an insured." (Emphasis sic.)
There is divided authority as to whether such a residence employee exception to a motor vehicle liability exclusion is sufficient to trigger former R.C. 3937.18 and the mandatory offering of UM/UIM coverage. See, e.g., Lemm v. The Hartford (2001), 93 Ohio St.3d 1475 (determining that a conflict exists between the Eighth and Tenth Appellate Districts on the issue of whether a homeowner's policy is subject to former R.C. 3937.18
when it includes such a residence employee exception to a motor vehicle liability exclusion).
This Court is persuaded by the reasoning of the United States District Court for the Southern District of Ohio in Tate v. State Farm Fire Cas. Co. (S.D.Ohio 2002), 184 F. Supp.2d 713, 717, fn3, quoting Marinov. Cincinnati Ins. Co. (May 14, 2001), Cuyahoga Common Pleas No. CV-414468:
 "* * * [T]he limited liability coverage in [the] homeowner's policy does not arise from an express provision. It is merely implied. In Selander, the insurance policy sets forth in detail the circumstances under which motor vehicle liability coverage will be provided in a discrete subsection titled "Non-Owned Automobile Liability." In contrast, a number of subsections must be read together before it becomes apparent that [the] homeowner's policy provides motor vehicle liability coverage under certain limited circumstances."
Therefore, the Tate v. State Farm Fire Cas. Co. court concluded that the residence employee exception provides merely incidental motor vehicle coverage, more like the policy at issue in Davidson than in Selander, and was not sufficient to bring the policy within the parameters of R.C.3937.18. Tate, 184 F. Supp.2d at 717.
Because Wetterau's homeowner's policy was not an automobile liability insurance policy, no UM/UIM coverage would be imposed by operation of law. Therefore, the trial court properly granted summary judgment to Republic-Franklin. The assignment of error is overruled.
The assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., CARR, J. CONCUR.
[1] The complaint improperly referred to Republic-Franklin as Utica National Insurance Group.
[2] R.C. 3937.18 has since been amended, adding requirements to this definition. The parties do not dispute that the version of R.C. 3937.18
that applies in this case includes the same operative language as was at issue in Selander.