OPINION
In this accelerated calendar case, appellant, Patricia Zabukovec, individually and as administratrix of the Estate of Anthony Zabukovec, appeals from the decision of the Lake County Court of Common Pleas, granting appellee, Midwestern Indemnity Company ("Midwestern"), summary judgment on the basis that appellant was not entitled to receive uninsured/underinsured motorist coverage under a homeowner's insurance policy.
The following procedural history is relevant to the instant appeal. On January 25, 2000, appellant filed a complaint in the Cuyahoga County Court of Common Pleas for declaratory judgment against GRE Insurance Company seeking a declaration of the parties' rights and obligations under appellant's homeowner's insurance policy issued by the company.
According to the complaint, on June 20, 1995, appellant's husband, decedent Anthony Zabukovec, was killed, and appellant sustained serious injuries in a motor vehicle accident. Appellant was a passenger in the vehicle operated by her husband when their vehicle was struck by another vehicle driven by Carol DeHass ("DeHass").
The complaint alleged that DeHass was insured by Grange Insurance Company, which maintained liability insurance policy limits of $300,000 per accident. From this policy, $295,000 was paid to the estate of the decedent while the remaining $5,000 was paid to appellant for her injuries. Appellant's underinsured motorist carrier, Farmers Insurance Company, paid an additional $95,000 for appellant's claims.
Appellant now sought underinsured coverage under the homeowner's insurance policy, which was in effect at the time of the accident. Appellant alleged in the complaint that the homeowner's policy was in fact an "automobile or motor vehicle liability policy of insurance because it provide[d] coverage for liability arising out of the use of certain motorized vehicles" and "provide[d] automobile liability insurance coverage in limited circumstances * * *."
Furthermore, since the homeowner's policy did not contain a provision for uninsured/underinsured coverage, such coverage, according to appellant, arose by operation of law. Thus, appellant believed that she and the estate were entitled to underinsured motorist coverage pursuant to the homeowner's policy.
On April 12, 2000, appellant filed an amended complaint for declaratory judgment to correctly name Midwestern as the party defendant rather than GRE Insurance Company.
Subsequently, appellant moved for summary judgment on May 15, 2000, arguing that she was entitled to uninsured motorist coverage under the homeowner's policy issued by Midwestern. According to appellant, under the homeowner's policy, liability coverage is not excluded for bodily injury to a residence employee from the use of an automobile owned, operated by, rented or loaned to an insured and used in the course of the residence employee's employment. Therefore, because such liability coverage is extended under limited circumstances, appellant believed that the homeowner's policy transformed into an automobile policy for purposes of R.C. 3937.18. Further, since the homeowner's policy issued by Midwestern did not offer uninsured/underinsured motorist coverage as required by former R.C. 3937.18, appellant suggested that such coverage arose by operation of law.
In support of her summary judgment motion, appellant attached a copy of the homeowner's insurance policy, the declaration page, and numerous unreported opinions.
In turn, on July 20, 2000, Midwestern filed a brief in opposition to appellant's motion for summary judgment and a cross motion for summary judgment, arguing that the incidental automobile coverage provided for a residence employee employed by the insured is insufficient to convert the homeowner's policy into an automobile liability policy. Further, Midwestern maintained that appellant's claim for coverage failed because the parties did not contemplate, bargain for, rate, or purchase auto liability coverage. As such, the homeowner's policy did not fall within the ambit of R.C. 3937.18 and uninsured/underinsured coverage did not arise by operation of law.
To support its position, Midwestern submitted, inter alia, a copy of the homeowner's insurance policy, the declaration page, and several unreported opinions.
Then, on August 7, 2000, pursuant to Midwestern's motion to change venue, the Cuyahoga County Court of Common Pleas transferred this action to the Lake County Court of Common Pleas.
On August 8, 2000, appellant filed a memorandum in opposition to Midwestern's motion for summary judgment, reasserting her position that her homeowner's insurance policy provided liability coverage for the use of a motor vehicle by a residence employee, and that the uninsured/underinsured coverage arose by operation of law.
Essentially, appellant asked the trial court to focus on the "residence employee" exception in the homeowner's policy which extended liability coverage for automobiles driven by a residence employee. Appellant asked the trial court to determine that this extension of automobile liability coverage for a residence employee triggered a mandatory offering of uninsured/underinsured motorist coverage for nonresident employees or persons otherwise covered under the policy.
After taking the matter under advisement, on May 18, 2001, the trial court refused to make such a finding, and instead granted Midwestern's motion for summary judgment. The trial court determined that liability coverage and uninsured/underinsured coverage was not extended beyond the specific wording of the homeowner's insurance policy. Thus, in this case, appellant and her decedent husband were the owners of the homeowner's policy at issue, and obviously, neither were residence employees of their own home at the time of the accident.
It is from the May 19, 2001 judgment appellant appeals, advancing a single assignment of error and reiterating the arguments set forth in her response to Midwestern's motion for summary judgment.
Before addressing the merits of appellant's lone assignment of error, we will lay out the appropriate standard of review.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389; Leibreichv. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12; Bosticv. Connor (1988), 37 Ohio St.3d 144, 146.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340
A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresherv. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
In the instant matter, appellant posits that the homeowner's policy issued by Midwestern extends automobile liability coverage for the use of a vehicle on public roadways and subject to motor vehicle registration by a residence employee. Relying on Selander v. Erie Ins. Group,85 Ohio St.3d 541, 1999-Ohio-287, appellant submits that where liability coverage is extended to motor vehicles that are operated on the highways, the insurer is required to offer uninsured/underinsured coverage under former R.C. 3937.18.[1] Since the homeowner's policy did not provide uninsured/underinsured motorist coverage, appellant suggests that it arises by operation of law.[2]
Briefly, in Selander, the Supreme Court of Ohio held that a general business policy was an automobile policy for purposes of R.C. 3937.18
because the policy specifically extended liability coverage for hired and non-owned automobiles. As such, the court broadly stated that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." (Emphasis added.)Selander at 544.
Subsequently, in Davidson, the Supreme Court had the opportunity to clarify its position in Selander. In Davidson, the court was asked to determine "whether limited liability coverage for certain vehicles rendered the [homeowner's] policy a motor vehicle liability policy, subject to the requirement of former R.C. 3937.18 to offer UM/UIM coverage." Davidson at 264. Upon consideration, the court held: "A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirements of former R.C.3937.18 to offer uninsured and underinsured motorist coverage." Davidson
at syllabus. See, also, Overton v. W. Res. Group, 91 Ohio St.3d 333,2001-Ohio-62.
In making this determination, the Davidson Court distinguished its decision from Selander:
 "Selander involved a general business liability policy that specifically provided liability coverage for injuries arising out of the use of automobiles (i.e.,
motor vehicles). The policy generally excluded coverage for liability arising out of the use of motor vehicles, but provided limited coverage for claims arising out of the use of hired or `non-owned automobiles' used in the insured business. The insureds, who were injured in the course of the partnership's business while occupying an automobile owned by a partner, sought underinsured motorist coverage under the policy. The insurer admitted that the policy provided limited automobile liability insurance for hired and nonowned vehicles, but argued that UM/UIM coverage did not apply, since the policy was not issued for delivery with respect to any particular motor vehicle. We rejected that argument and found that the policy was a `motor vehicle liability policy' within the meaning of R.C. 3937.18. In particular, we stated that `[t]he fact that a policy provides liability coverage for non-owned and hired motor vehicles is sufficient to satisfy the requirement of R.C. 3937.18 that a motor vehicle liability policy be delivered in this state with respect to any motor vehicle registered or principally garaged in this state.' Id. at 544-545.
 "The Selander decision is clearly distinguishable from the [Davidson] case. In Selander, we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads. Since there was express automobile liability coverage arising out of the use of these automobiles, we reasoned that UM/UIM coverage was required. That holding comports with the requirement under R.C. 3937.18 that UM/UIM coverage must be offered where the policy is an automobile or motor vehicle liability policy. In contrast, the policy at issue in [Davidson] is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property.
 "* * * Clearly, the policy in Selander was deemed an automobile liability or motor vehicle policy precisely because there was express liability coverage arising from the use of automobiles. Furthermore, automobiles, unlike the vehicles listed in the homeowner's policy in this case, are subject to motor vehicle registration and are designed for and are used for transporting people on a public highway. Thus, based on these distinctions, it makes perfect sense to allow UM/UIM coverage in Selander but to restrict recovery under a homeowner's policy that provides incidental coverage for a very limited class of motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway." (Emphasis added.) Davidson at 267-268.
Thus, the Davidson court explained that since there was express
automobile liability coverage arising out of the use of certain vehicles used in the insured's business, uninsured/underinsured coverage was required in Selander. Furthermore, when a homeowner's policy does not
include coverage for liability arising out of the use of motor vehicles generally, but instead provides incidental coverage to a narrow class of vehicles which are not intended for use on public roadways, then R.C.3937.18 is not applicable. Davidson at 267-268.
Although presented with the issue, the Davidson court declined to specifically address whether a residence employee exception in a homeowner's policy could be construed so as to provide uninsured/underinsured coverage because the issue was not raised with the trial court or court of appeals. Id. at 265, fn. 2.
Accordingly, the precise issue before this court is whether a homeowner's policy, which generally excludes liability coverage arising out of the use of motor vehicles but provides coverage for the use of a motor vehicle by an insured's residence employee, presumably for use on public roadways, transforms the policy into an automobile policy for purposes of uninsured/underinsured coverage under former R.C 3937.18. At the outset, we note that this is an issue of first impression for this court. As such, we take notice of the fact that there is a split among the Ohio appellate courts on this particular issue.
For instance, the Third, Fourth, Fifth, Sixth, Eighth, and Ninth Appellate Districts have extended the reasoning of Davidson by concluding that the residence employee exception in a homeowner's policy does not render the policy subject to the uninsured/underinsured coverage:
 "[T]he policy only covers an injury to a residence employee if the employee is injured in the course of his or her employment. Moreover, coverage is provided for any injury to a residence employee caused by an occurrence; it is not limited to injuries arising out of the ownership, maintenance, use, occupancy, etc., of an automobile. Thus, the fact that an automobile may be involved is incidental to coverage; the policy makes this aspect of the general coverage regarding residence employees express only because it must carve out an exception to the general exemption.
 "It is also worth emphasizing that the policy covers only the insured's liability for injuries to a residence employee, not injuries to any one else. The coverage for only such a limited class of persons makes it clear that the defining characteristic of coverage is the person injured, not the fact that a motor vehicle was involved." (Emphasis added.) Panozzo v. Allstate Ins. Co. (Sept. 13, 2001), 8th Dist. No. 79083, 2001 WL 1075772, at 3. See, also, Davis v. Shelby Ins. Co. (2001), 144 Ohio App.3d 468, 473-474; Combs v. Combs, 4th Dist. No. 02CA3, 2002 Ohio 4099, at ¶ 9; Wetterau v. Utica Natl. Ins. Group, 9th Dist. No. 20978, 2002 Ohio 3752, at ¶ 16-17; Boughan v. Grange Mut. Ins. Co., 3d Dist. No. 1-02-16, 2002 Ohio 3393, at ¶ 24; Westmark v. Farmers Ins. of Columbus, Inc., 6th Dist. No. F-01-018, 2002-Ohio-1524, at ¶ 3; Ruiz v. Rygalski, 6th Dist. No. L-01-1363, 2002-Ohio-1519, at ¶ 8; Mattox v. Allstate Ins. Co., 5th Dist. No. 2001CA218, 2002-Ohio-1453, at ¶ 6-8; Trussell v. United Ohio Ins. Co. (Jan. 16, 2002), 5th Dist. No. 01-CA-15, 2002 Ohio App. LEXIS 193, at 3-5; Vohsing v. Auto-Owners Ins. Co., 5th Dist. No. 01-CA-56, 2002-Ohio-250, 2002 Ohio App. LEXIS 107, at 3-5.
In fact, recently the United States District Court for the Southern District of Ohio determined that the residence employee exception does not convert a homeowner's policy into an automobile liability policy for the following reasons:
 "The Court notes that the `Davidson decision signals a greater emphasis on the express language used in insurance policies.' * * * In the case at bar, the homeowner's policy offers no express liability coverage for motor vehicles. Indeed, the policy specifically excludes from coverage bodily injury arising out of the use of a motor vehicle. `While there is an exception for injuries to residence employees involving motor vehicle accidents arising out of the course of their employment with the insured, this is not the equivalent of express provision of coverage for a class of motor vehicles.' * * * [T]he limited liability coverage in (the) homeowner's policy does not arise from an express provision. It is merely implied. * * * [A] number of subsections must be read together before it becomes apparent that (the) homeowner's policy provides motor vehicle liability coverage under certain limited circumstances.
 "This Court concludes that the policy at issue does not `include coverage for liability arising out of the use of motor vehicles (as in Selander * * *, but) provides `incidental coverage (as does the policy in Davidson. * * *'") (Citations omitted and emphasis added.) Tate v. State Farm Fire Cas. Co. (S.D.Ohio 2002), 184 F. Supp.2d 713, 716.
In contrast, the Tenth Appellate District has determined that a residence employee exception in a homeowner's policy transforms the policy into an automobile liability policy:
 "The policy at issue is a homeowner's policy and does not include coverage for liability arising out of the use of motor vehicles generally; however, the policy does provide, in the residence employee exclusion, express liability coverage arising from the use of automobiles which are subject to motor vehicle registration and designed for and used for transporting people on a public highway. The policy provides express liability coverage for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment. Thus, it is a motor vehicle liability policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage." (Emphasis added.) Lemm v. The Hartford (Oct. 4, 2001), 10th App. No. 01AP-251, 2001 WL 1167585, at 3. See, also, Allen v. Nationwide Ins. Co., 10th Dist. No. 01AP-909, 2002-Ohio-2013, at ¶ 17-47.
In light of this forgoing conflict among the appellate courts, the following issue is currently before the Supreme Court of Ohio:
"When a homeowner's insurance policy provides express liability for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment, is the policy deemed an automobile liability or motor vehicle policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage?" Lemm v. The Hartford
(2001), 93 Ohio St.3d 1475.
With the foregoing in mind, we turn to the instant cause. In determining whether the homeowner's policy is a motor vehicle liability policy, we must examine the language of the policy itself.
In relevant part to this appeal, the homeowner's policy generally excludes liability coverage arising out of the use of motor vehicles but provides coverage for injury to a residence employee:
"SECTION II — LIABILITY COVERAGES
"COVERAGE E — PERSONAL LIABILITY
 "If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
 "1. pay up to our limit of liability for the damages for which the insured is legally liable. Damages include prejudgment interest awarded against the insured; and
 "2. provide a defense at our expense * * *. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.
"* * *
"SECTION II EXCLUSIONS
 "1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
"* * *
"e. arising out of:
 "(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 "(2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or
 "(3) statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
"This exclusion does not apply to:
 "(1) a trailer not towed by or carried on a motorized land conveyance.
 "(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
"(a) not owned by an insured; or
"(b) owned by an insured and on an insured location.
 "(3) a motorized golf cart when used to play golf on a golf course.
 "(4) a vehicle or conveyance not subject to motor vehicle registration which is:
"(a) used to service an insured's residence;
"(b) designed for assisting the handicapped; or
"(c) in dead storage on an insured location.
"* * *
 "[Exclusion e. does] not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured." (Emphasis added.)
We are mindful that the Supreme Court of Ohio "never intended Selander
to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle." (Emphasis added.) Davidson at 268. This court interprets "incidental coverage" as used in Davidson to be coverage that is found in an exception to an exclusion in a homeowner's policy.
Instead, "Selander stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly providesfor coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration." (Emphasis added.) Davidson at 268.
In applying the above to the foregoing case, we note that, unlike the general business policy in Selander, the homeowner's polices in Davidson
and in the instant case offer no express liability coverage for motor vehicles. Rather, the homeowner's policy issued by Midwestern specifically excludes from coverage bodily injury arising out of the use of a motor vehicle. An exception to this broad exclusion is coverage provided to a residence employee in the course of that employee's employment.
Further, just as the homeowner's policy in Davidson provided incidental coverage to limited types of vehicles that were not intended for use on public roadways, the instant homeowner's policy issued by Midwestern affords incidental coverage for a limited class of persons, to wit: residence employees. "The coverage for only such a limited class of persons makes it clear that the defining characteristic of coverage is the person injured, not the fact that a motor vehicle was involved." Panozzo
at 3.
In other words, the homeowner's policy provides coverage for injury to a residence employee sustained in the course of that employee's employment; it is not limited to injuries arising from a motor vehicle. Thus, the fact that a motor vehicle may be involved in the injury of the residence employee is incidental. Panozzo at 3.
Accordingly, we hold that the homeowner's insurance policy did not transform into a motor vehicle liability policy by virtue of the residence employee exception. As noted by the Davidson court:
 "Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." Davidson at 269.
Accordingly, we determine that the homeowner policy did not fall within the ambit of R.C. 3937.18, thereby requiring Midwestern to offer uninsured/underinsured motorist coverage.
In so holding, we note the differing purposes between uninsured/underinsured coverage and homeowner's coverage:
 "`[I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.'" Davidson at 269, quoting Cincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604, 608.
Even if we assumed, arguendo, that uninsured/underinsured motorist coverage should have been offered, it would have been limited to the residence employee only.[3] Haberley v. Nationwide Mut. Fire Ins. Co., 8th Dist. No. 80006, 2001-Ohio-4157, 2001 Ohio App. LEXIS 5537, at 2;Bergstrom v. State Farm Fire Cas. Co., 8th Dist. No. 79775, 2001-Ohio-4173, 2001 Ohio App. LEXIS 5399, at 8; Burnett v. Ame. Assur.Co. (Sept. 13, 2001), 8th Dist. No. 79082, 2001 WL 1110335, at 2;Brozovic v. State Farm Fire Cas. Co. (Sept. 13, 2001), 8th Dist. No. 79084, 2001 WL 1077851, at 2; Hillyer v. State Farm Fire Cas. Co. (Aug. 2, 2001), 8th Dist. No. 79176, 2001 WL 898424, at 2.
In this case, the decedent and appellant were not residence employees; thus, there would be no entitlement to uninsured/underinsured coverage.Haberley at 2 (holding that the residence employee exclusion "does not convert a homeowner's policy into an uninsured motorist policy unless it can be shown that decedent was an employee of the residence.").
In summation, we find the position announced by the Third, Fourth, Fifth, Sixth, Eighth, and Ninth Appellate Districts to be persuasive. Insofar as our holding is in direct conflict with the Tenth Appellate District's decision in Lemm, which is currently before the Supreme Court of Ohio, we respectfully submit this case to the Supreme Court, pursuant to Art. IV, Section 3(B)(4) of the Ohio Constitution for review and final determination. Accordingly, we certify the following issue for review by the Supreme Court of Ohio:
 "Whether a homeowner's policy, which generally excludes liability coverage arising out of the use of motor vehicles but, in an exception to the exclusion, provides coverage for the use of a motor vehicle by an insured's residence employee, presumably for use on public roadways, transforms the policy into an automobile policy for purposes of uninsured/underinsured coverage under former R.C 3937.18."
Based on the foregoing analysis, appellant's lone assignment of error is without merit, and the judgment of the trial court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] Former R.C. 3937.18 in effect at the time of the June 1995 accident required that "no automobile liability or motor vehicle liability policy of insurance" may be provided unless uninsured/underinsured coverage is offered. "If UM/UIM coverage is not offered, it becomes part of the policy by operation of law. * * * Thus, an offer of UM/UIM coverage was required in this case only if the homeowner's policy is a motor vehicle liability policy." (Citation omitted.) Davidson v. Motorists Mut. Ins.Co., 91 Ohio St.3d 262, 264, 2001-Ohio-36.
[2] Appellant also cites to several decisions from various courts of common pleas that have held that a residence employee exception in a homeowner's policy mandates that uninsured/underinsured motorist coverage be offered.
[3] "Residence employee" is defined in the homeowner's policy as "an employee of an insured person whose duties are related to the maintenance or use of the residence premises, including household or domestic services; or one who performs similar duties elsewhere not related to the business of an insured."