**State v. Maxson**
**Case No. C-880654**
**Hamilton County, (1st)**
**Decided January 31, 1990**
[Cite as 1 AOA 5]

*Richard A. Castellini, City Solicitor, Terrence R. Cosgrove, City Prosecutor, and Ernest F. McAdams, Jr., Esq., 230 East Ninth Street, Room 230, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*H. Fred Hoefle, Esq., 1500 American Building, 30 East Central Parkway, Cincinnati, Ohio 45202, for Defendant-Appellant.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the briefs and the arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar.

Defendant-appellant, Helen Maxson (appellant)[1], appeals from her conviction of minor-misdemeanor disorderly conduct, a violation of R.C. 2917.11, in the Hamilton County Municipal Court. For the reasons that follow, we reverse the trial court's judgment.

In her first and second assignments of error the appellant maintains that her conviction of minor-misdemeanor disorderly conduct is against the weight and sufficiency of the evidence. We agree.

The complaint[2] in this cause charged the appellant with recklessly causing the following:

> * * * annoyance and alarm to another by communicating unwarranted and grossly abusive language [to] [the arresting officer] challenging [the arresting officer] under circumstances in which such conduct was likely to provoke a violent response, contrary to and in violation of 2917.11(A) of the Revised Code of Ohio, a misdemeanor of the fourth degree.

The complainant states that this complaint is based upon a/o's *(sic)* observations.

The complaint is couched in terms which render it a hybrid of R.C. 2917.11, which provides in pertinent part:

> (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

(2) [m]aking unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any persons;
(3) [i]nsulting, taunting, or challenging another, under circumstances in which such conduct is likely to provoke a violent response;

During the proceedings below, the State presented the testimony of the arresting officer that while he was endeavoring to issue a parking citation to the driver of an illegally parked vehicle, the appellant, who with her husband owned a nearby tavern, yelled at the officer:

* * * 'I am tired of this f—— s—. You're not going to get away with this. I'm just tired of this f—— s—.' At which time she was told five or six times at least to leave and go back over to the bar.

In *Cincinnati v. Karlan* (1974), 39 Ohio St. 2d 107, 314 N.E.2d 162, the Ohio Supreme Court held in the first and second paragraphs of the syllabus:

Under Section 901-d4, Code of Ordinances of Cincinnati,[3] persons may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of their peace * * * (Citations omitted.)
Where epithets, used in a public place and willfully directed at those who can hear them, are likely to provoke the average person to an immediate retaliatory breach of the peace, they are fighting words, and the utterance thereof may be punished as a criminal act * * * (Citations omitted.)

In so ruling, the court observed:

The principle pull and haul between the state courts and the high court has centered around a definition of 'protected speech.' However, there appears to be no room left for argument today. A majority of the United States Supreme Court has said that no matter how rude, abusive, offensive, derisive, vulgar, insulting, crude, profane or opprobrious spoken words may seem to be, their utterance may not be a crime unless they are fighting words, as defined by that tribunal. Furthermore, the court has stated that those descriptive words in and of themselves are constitutionally overbroad and must be rendered unsusceptible of application to protected speech by appropriate judicial decision.

Pursuant to *Karlan* and its progeny, in order for the instant appellant to be guilty of disorderly conduct, her utterance must constitute so-called "fighting words."

We recognize that the instant complaint was drafted in manner so as to attempt to comply with the current state of the case law concerning the offense *sub judice*. Further examination of the arresting officer's direct testimony is instructive in determining whether the words spoken by the appellant are proscribed by R.C. 2917.11(A) (3):

Q. Were there other people outside at the vehicle?
A. No, not at the vehicle. There was just [the appellant] and the other officer and her husband and as it went on, people were coming out of the bar and heading toward the side of the street.
Q. Did those people cross the street and approach you?
A. No, sir, the crowd just drew *[sic]* larger.

* * *

Our review of the record convinces us that the state failed to prove the essential element that the appellant's words were such as to provoke a violent response from the officer or others. Parenthetically, we disdain the conduct exhibited by thy appellant, which, at an earlier time, would probably have subjected her to criminal liability. However, absent proof of this necessary element, the appellant's conviction cannot stand. See *Toledo v. Grince* (1989), 48 Ohio App. 3d 126, ___ N.E.2d ___. The appellant's first and second assignments of error are sustained.
Appellant states in her third assignment of error that:

Conviction of one for mere utterance of words not constituting fighting words is

contrary to the First and Fourteenth Amendments to the Constitution of the United States, and to the guarantees of Art. I., Sect. 11 of the Ohio Constitution.

Because the assignment is advanced as a proposition of law rather than as an assignment of error, it does not comply with the appellate rules. See App. R. 16(A)(2). Accordingly, the appellant's third assignment of error is without merit.

In summary, we have sustained the appellant's first and second assignments of error for the reasons set forth herein. Appellant's third assignment of error is overruled.

The judgment of the trial court is reversed and appellant is ordered discharged.

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ.

---

[1] The appellant's name also appears in the record as Helen Maxon.

[2] The complaint charged the appellant with the commission of a fourth-degree misdemeanor. However, that charge was reduced by the State to a minor misdemeanor prior to trial.

[3] At the time of the events in Karlan, Cincinnati Ordinance 901-d4 provided:

> It shall be unlawful for any person to willfully conduct himself or herself in a noisy, boisterous, rude, insulting or other disorderly manner, with the intent to abuse or annoy any person or the citizens of the city or any portion thereof.