DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Common Pleas Court summary judgment in favor of Grange Mutual Casualty Company, defendant below and appellee herein.[1]
Juanita F. Combs, plaintiff below and appellant herein, raises the following assignment of error:[2]
 "THE GRANGE MUTUAL HOMEOWNERS POLICY PROVIDES UM/UIM COVERAGE BY OPERATION OF LAW."
The facts in the case at bar are not disputed and we will not dwell on them. Briefly stated, appellant was injured while her husband was driving a four-wheel all terrain vehicle. Appellant now seeks uninsured/underinsured motorists ("UM/UIM") coverage under her homeowner's liability policy.
The parties herein have identified and framed the sole issue in the instant case. Specifically, we must determine whether appellee's homeowner's insurance policy, by virtue of its "residence employee" exception, converts the policy into one for automobile liability insurance, subject to mandatory offering of UM/UIM coverage pursuant to former R.C. 3937.18.[3] If the answer is yes, then UM/UIM coverage is implied as a matter of law. See Davidson v. Motorist Mut. Ins. Co.,91 Ohio St.3d 262, 264, 2001-Ohio-36, 744 N.E.2d 713.
The Fifth, Sixth, Eighth, and Tenth District Courts of Appeals have resolved the foregoing question. See, e.g., Trussell v. United Ohio Ins.Co., Perry App. No. 01-CA-15, 2002-Ohio-243; Ruiz v. Rygalski, Lucas App. No. L-01-1363, 2002-Ohio-1519; Davis v. Shelby Ins. Co. (2001),144 Ohio App.3d 468, 760 N.E.2d 855; Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251. All of the districts, except the Tenth, have determined that simply because a homeowner's policy contains a "residence employee" exception, the policy is not to be deemed an automobile liability insurance policy and thus subject to mandatory offering of UM/UIM coverage.[4]
The Fifth, Sixth, and Eighth Districts relied upon Davidson v. MotoristMut. Ins. Co. (2001), 91 Ohio St.3d 262, 744 N.E.2d 713, in concluding that the residence employee exception did not convert a homeowner's insurance policy into one for automobile liability coverage. InDavidson, the court held:
 "A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirements of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage." Id. at syllabus.
We agree with the reasoning of the Fifth, Sixth, and Eight District Courts of Appeals and with the trial court in the case sub judice. Consequently, we disagree with appellant that the trial court erred by concluding that the policy did not provide UM/UIM coverage as a matter of law.
Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion
[1] Defendant Russell B. Combs is not a party to the instant appeal.
[2] We note that appellant does not designate an "assignment of error." Instead, appellant sets forth a "proposition of law." While a "proposition of law" is appropriate in an appellate brief to the Ohio Supreme Court, an "assignment of error" is appropriate in an appellate brief to an Ohio appellate court. See App.R. 16(A)(3); S.Ct. R.P. 6(B)(1). See, also, State v. Maxson (1990), 66 Ohio App.3d 32, 36,583 N.E.2d 402 (declining to address an appellant's alleged error "[b]ecause the assignment is advanced as a proposition of law rather than as an assignment of error, it does not comply with the Appellate Rules"). We will, nevertheless, construe appellant's proposition of law as an assignment of error.
[3] On October 31, 2001, the Ohio General Assembly enacted S.B. 97, which significantly changed UM/UIM coverage in Ohio. Pursuant to the recently amended version of R.C. 3937.18, automobile liability insurers are no longer required to offer UM/UIM coverage. The General Assembly's intent in enacting S.B. 97 and in significantly changing the UM/UIM statutory provisions was to supersede a long line of Ohio Supreme Court cases. See 2001 S.B. 97, Section 3.
[4] {¶ a} In Lemm, the court explained its reason for concluding that the residence employee exception essentially converted the homeowner's policy into one for automobile liability coverage as follows:
 {¶ b} "The policy at issue is a homeowner's policy and does not include coverage for liability arising out of the use of motor vehicles generally; however, the policy does provide, in the residence employee exclusion, express liability coverage arising from the use of automobiles which are subject to motor vehicle registration and designed for and used for transporting people on a public highway. The policy provides express liability coverage for damages arising from a motor vehicle accident when the injured party is the homeowner's residence employee and the injury occurred in the course of that employment. Thus, it is a motor vehicle liability policy subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage."