DECISION AND JUDGMENT ENTRY
{¶ 1} Herman and Sylvia Cook appeal the trial court's decision granting summary judgment to their automobile insurance carrier, GEICO General Insurance Company (GEICO). They contend that Herman Cook is entitled to coverage under the liability portion of the policy because its language is ambiguous and does not specifically exclude payment for damages in its intra-family exclusions. We conclude the policy clearly and unambiguously excludes all aspects of coverage to an insured who causes injuries to a relative living in the same household. Because Herman Cook caused the injuries to his wife, who resides in the same household, he is not entitled to liability coverage. *Page 2 
 {¶ 2} Alternatively, the Cooks contend that if the policy does not entitle Herman Cook to liability coverage, Sylvia Cook is entitled to uninsured motorist coverage under the policy because her husband would be deemed an uninsured motorist. In its definition of an "uninsured motor vehicle," the uninsured motorist coverage clearly and unambiguously excludes a motor vehicle that is available for the use of the insured's spouse. Because Sylvia Cook's injuries occurred while she was occupying a motor vehicle that was available for the use of her and her husband, that motor vehicle does not meet the policy's definition of an uninsured motor vehicle. Accordingly, Mrs. Cook is not entitled to uninsured motorist coverage.
 I. Facts {¶ 3} Sylvia Cook suffered severe bodily injuries while occupying a motor vehicle negligently operated by her husband, Herman Cook. That vehicle, which Herman Cook owned, was insured under a policy issued by GEICO. It is undisputed that both Herman and Sylvia Cook were listed as insureds under the GEICO policy. Furthermore, it is undisputed that, they were husband and wife, and were residing in the same household.
 {¶ 4} GEICO filed a complaint seeking a declaratory judgment against the Cooks in conjunction with the family automobile policy, which named the Cooks as insureds. The complaint sought a declaration that the policy does not provide liability coverage to Herman Cook for the injuries Sylvia Cook sustained in the accident. The complaint also sought a declaration that the policy does not provide uninsured or underinsured motorist coverage to Sylvia Cook. *Page 3 
 {¶ 5} The Cooks filed answers and counterclaims, which sought either liability (Mr. Cook) or uninsured motorist coverage (Mrs. Cook) under the policy.
 {¶ 6} After the parties filed respective motions for summary judgment, the trial court granted judgment in favor of GEICO, concluding the relevant provisions in the policy were unambiguous and that Herman Cook was excluded from coverage under the liability provisions and that Sylvia Cook was not entitled to UIM coverage.
 {¶ 7} The Cooks filed a joint appeal and assert the following assignment error:
I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE, GEICO GENRAL INSURANCE COMPANY.
 II. Summary Judgment Standard {¶ 8} We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. Lorain Natl. Bank v.Saratoga Apts. (1989) 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Under Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. See Grafton, supra.
 III. The Policy {¶ 9} The Cooks contend Herman Cook is entitled to indemnification under the liability portion of the policy for the damages caused by his negligence. The Cooks *Page 4 
contend alternatively that Sylvia Cook is entitled to uninsured/underinsured motorist coverage under that portion of the policy.
 A. Interpretation of Insurance Contracts {¶ 10} The interpretation of an insurance policy is a question of law that an appellate court reviews de novo, without deference to the trial court. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108, 652 N.E.2d 684. In interpreting an insurance policy, a court's role "is to give effect to the intent of the parties to the agreement." Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 219,797 N.E.2d 1256. In doing so, "[w]e examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." (Citations omitted.) Id.
 {¶ 11} However, when provisions in an insurance contract "are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,519 N.E.2d 1380, at syllabus; see, also, Galatis, 100 Ohio St.3d at 220. This "`rule will not be applied so as to provide an unreasonable interpretation of the words of the policy.'" Galatis,100 Ohio St.3d at 220, quoting Morfoot v. Stake (1963), 174 Ohio St. 506, 190 N.E.2d 573, paragraph one of the syllabus. *Page 5 
 B. Indemnification {¶ 12} The liability coverage under the GEICO policy appears in Section I, which includes the following provision under the heading "LOSSES WE WILL PAY FOR YOU UNDER SECTION I":
"Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
 1. bodily injury, sustained by a person, and;
 2. damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or a non-owned auto. We will defend any suit for damages payable under the terms of the policy. We may investigate and settle any claim or suit."
The policy also promises to pay all expenses related to the accident, including investigation and legal costs, and court costs.
 {¶ 13} The policy also contains additional provisions under the heading "Exclusions: When Section I Does Not Apply." Under this heading, the policy states, "[w]e will not defend any suit for damage if one or more of the exclusions listed below applies." The policy then lists twelve exclusions, including "1. [b]odily injury to any insured or any family member of an insured residing in his household is not covered."
 {¶ 14} GEICO contends that Herman Cook's claims for indemnification are excluded from liability coverage under this section because, admittedly, he is married to Sylvia Cook who resides in the same house. The Cooks contend the language of this exclusion indicates that GEICO will not defend any lawsuit brought against its insured if the claim is for injuries to a resident relative, but the policy does not specifically exclude the remaining aspects of the coverage, including payment for damages owed by an *Page 6 
insured and the expenses resulting from the accident. Therefore, the Cooks claim that the policy's language is ambiguous and only excludes the defense of a lawsuit.
 {¶ 15} After reviewing the language of the policy, we conclude that the policy's terms are not ambiguous: the policy is clear that "Section 1" does not apply to any of the items listed under "Exclusions." This section states: "Exclusions: When Section I Does Not Apply." It is clear that this language refers to Section 1 in its entirety, i.e., liability coverage, not only to the defense of lawsuits brought against the insured. Because the policy excludes liability coverage in accidents involving a resident relative, Herman Cook has no coverage for the injuries caused by his negligence.
 C. Uninsured Motorist {¶ 16} The Cooks also contend, in the alternative, that Sylvia Cook is entitled to uninsured motorist coverage under the policy if Herman Cook has no liability coverage. They arrive at this contention by arguing the definition of "uninsured motor vehicle" under Section IV is ambiguous, and, therefore, the policy should be interpreted in their favor as insureds.
 {¶ 17} GEICO contends there is no uninsured motorist coverage because the motor vehicle involved in the accident is specifically excluded as an "insured auto" and thus, does not meet the definition of an "uninsured motor vehicle."
 {¶ 18} Under the section entitled "Losses We Pay" in Section IV, the policy provides, ". . . we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle . . ." Under the "Definitions" section of Section IV, the policy provides: "3.Insured auto' is an auto: . . . (c) operated by you or your spouse if a *Page 7 
resident of the same household." Furthermore, under "6. Uninsured motorvehicle", the policy provides: "The term uninsured motor vehicle' does not include: (a) an insured auto; . . . (f) a motor vehicle owned by, furnished to, or available for the regular use of you, a spouse, or a resident relative of you.
 {¶ 19} GEICO cites Robson v. Allstate Ins. Co. (2001), Delaware App. No. 01CAE03007, 2001 WL 1096212, in support of its contention that Sylvia Cook is not entitled to uninsured motorist coverage. InRobson, a case with similar facts, the appellant was injured in an automobile operated by his wife. He argued that the intra-family exclusion in his policy rendered his wife an uninsured motorist, thus entitling him to uninsured motorist coverage under the policy.Robson at 2. The Fifth District Court of Appeals concluded that the policy clearly and unambiguously stated that an uninsured motor vehicle does not include a motor vehicle owned or available for the regular use of a spouse or resident relative. Id. Therefore, because the appellant was injured while occupying a vehicle that was available for the regular use of his spouse, he could not recover under the policy because the vehicle did not meet the definition of an uninsured motor vehicle.Id.
 {¶ 20} Likewise, we conclude that the policy is clear and unambiguous in its definition of "uninsured motor vehicle." The policy clearly excludes any motor vehicle available for the use of Herman and/or Sylvia Cook. There is no ambiguity in this definition. We agree with the analysis of the Fifth District Court of Appeals in Robson, and conclude that Sylvia Cook is not entitled to uninsured motorist coverage because her injuries occurred while she was occupying a motor vehicle operated by and available for the use of her and/or her spouse. *Page 8 
 {¶ 21} Accordingly, we affirm the trial court's summary judgment ruling in favor of GEICO.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. Kline, J.: Concur in Judgment and Opinion. *Page 1