DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in favor of Geico Insurance Company, plaintiff below and Appellee herein. The trial court determined that Appellee's automobile liability insurance policy did not provide coverage for the injuries that Terry L. Van Meter, defendant below and Appellant herein, suffered in an automobile accident. *Page 2 
 {¶ 2} Appellant raises the following "assignments of error" for review:[1]
 {¶ 3} I. "A UM/UIM DEFINITION THAT EXCLUDES HOUSEHOLD VEHICLES THAT ARE INSURED UNDER THE POLICY FROM THE DEFINITION OF AN `UNINSURED' VEHICLE IS ILLEGAL AND UNENFORCEABLE."
 {¶ 4} II. "IN LIGHT OF GEICO'S DUTY TO ITS CUSTOMERS, THE RECORD SHOWS AN ISSUE OF FACT CONCERNING WHETHER THE GEICO POLICY LANGUAGE IS UNDERSTANDABLE BY CONSUMERS."
 {¶ 5} On October 7, 2005, Appellant and his son were involved in a fatal *Page 3 
accident. Appellant's son allegedly negligently operated the vehicle in which Appellant was a passenger. Appellant survived, but unfortunately, his son did not. At the time of the accident, Appellant was the named insured under an automobile liability insurance policy that Appellee issued, and the vehicle involved in the accident was insured under Appellee's policy. The exclusions to the liability portion of the policy state that coverage does not apply to "[b]odily injury to any insured or any family member of an insured residing in his household." The uninsured/underinsured motorist (UM/UIM) provisions exclude from the definition of an "uninsured motor vehicle" "a motor vehicle owned by, furnished to, or available for the regular use of you, a spouse, or a resident relative of you."
 {¶ 6} On January 26, 2007, Appellee filed a complaint for a declaratory judgment against Appellant. Appellee requested the trial court to declare that Appellant was not entitled to liability or UM/UIM coverage under the policy. Appellant counterclaimed and requested the court to declare that he is entitled to insurance coverage under the policy. Appellant further alleged that Appellee breached the insurance contract, acted in bad faith, and also requested punitive damages. The trial court granted Appellee's motion to bifurcate appellant's bad faith claim and stayed the proceedings on that claim.
 {¶ 7} Appellee filed a summary judgment motion and argued that the policy unambiguously excluded liability and UM/UIM coverage for appellant's injuries. *Page 4 
In response, Appellant candidly admitted that this court has previously rejected the arguments he raised in opposition to Appellee's summary judgment motion, but raised them to preserve the issues for appeal. SeeHoward v. Howard, Pike App. No. 06CA755, 2007-Ohio-3940; Geico Gen. Ins.Co. v. Cook, Pickaway App. No. 06CA2901, 2007-Ohio-1023. Appellant further attempted to show that the facts in the case sub judice differ from Howard and Cook.
 {¶ 8} Subsequently, the trial court granted Appellee summary judgment and determined that the policy clearly excluded both liability and UM/UIM coverage for Appellant's injuries. The court also discounted Appellant's attempt to distinguish the instant case from Howard andCook. This appeal followed.
 I. {¶ 9} Appellant's two "assignments of error" assert, in essence, that the trial court improperly entered summary judgment on Appellee's declaratory judgment claim. He argues that the trial court improperly applied the law to conclude that the policy precludes liability and UM/UIM coverage.
 A SUMMARY JUDGMENT STANDARD {¶ 10} Appellate courts review trial court summary judgment decisions de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, appellate courts must independently review the record to *Page 5 
determine if summary judgment is appropriate. In other words, appellate courts need not defer to trial court summary judgment decisions. SeeBrown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412,599 N.E.2d 786. Thus, to determine whether a trial court properly awarded summary judgment, an appellate court must review the Civ. R. 56 summary judgment standard as well as the applicable law. Civ. R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, trial courts may not award summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and after viewing the evidence most strongly in favor of the nonmoving party that conclusion is adverse to the party against whom the motion for summary judgment *Page 6 
is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-430,674 N.E.2d 1164.
 B HOUSEHOLD EXCLUSION {¶ 11} Appellant first asserts that the trial court improperly entered summary judgment in Appellee's favor because it incorrectly determined that the UM/UIM provision that excluded household vehicles from coverage is valid and enforceable.
 {¶ 12} In Howard v. Howard, Pike App. No. 06CA755, 2007-Ohio-3940, we upheld the validity of such "household exclusions." Appellant candidly recognizes that Howard controls this argument, but requests that we revisit the issue. We are not persuaded. None of the facts or further arguments Appellant raises persuades us to depart from our earlier ruling.
 {¶ 13} Additionally, in Snyder v. Am. Family Ins. Co.,114 Ohio St.3d 239, 2007-Ohio-4004 at ¶ 15 the Ohio Supreme Court recently addressed the expansive language of R.C. 3937.18(I):
 "The 2001 statute for the first time permits policies with uninsured-motorist coverage to limit or exclude coverage under circumstances that are specified in the policy even if those circumstances are not also specified in the statute. See R.C. 3937.18(I). Division (I) of the statute provides: `Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following *Page 7 
circumstances: * * *.' R.C. 3937.18(I). Eliminating the mandatory coverage offering and simultaneously permitting the parties to agree to coverage exclusions not listed in the statute provides insurers considerable flexibility in devising specific restrictions on any offered uninsured-or underinsured-motorist coverage. See also S.B. 97, Section 3(B)(3), 149 Ohio Laws, Part I, 788-789 (General Assembly expressed its intention to "[p]rovide statutory authority for the inclusion of exclusionary or limiting provisions in uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages')."
See, also, Bousquet v. State Auto Ins. Co., Cuyahoga App. No. 89601,2008-Ohio-922.
 {¶ 14} Accordingly, based upon the foregoing reasons, we hereby overrule Appellant's first "assignment of error."
 C POLICY LANGUAGE {¶ 15} Appellant next asserts that the trial court improperly entered summary judgment in Appellee's favor because appellant did not understand that the insurance policy excluded coverage for injuries involving members of his family.
 {¶ 16} In Cook, we construed the exact policy language at issue in the case at bar and concluded that it is clear and unambiguous. Appellant's failure to subjectively understand the policy does not alter the analysis. See, generally Ohio Univ. Bd. of Trustees v. Smith (1999),132 Ohio App.3d 211, 220-221, 724 N.E.2d 1155 (stating that defendant's subjective interpretation of contract did not create a genuine issue of material fact as to the meaning of the contract). Appellant's *Page 8 
various policy arguments do not persuade us to depart from our earlier holding in Cook.
 {¶ 17} Accordingly, based upon the foregoing reasons, we hereby overrule Appellant's second "assignment of error" and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. and Kline, J.: Concur in Judgment and Opinion.
[1] Appellant has not properly framed his "assignments of error." They do not assign any error to the trial court's ruling, but instead are stated as propositions of law. See Painter and Dennis, Ohio Appellate Practice (2007 Ed.), Section 1.45 (stating that "the assignments of error * * * set forth the rulings of the trial court * * * contended to be erroneous"). While a proposition of law is appropriate in an appellate brief to the Ohio Supreme Court, an "assignment of error" is appropriate in an appellate brief to an Ohio appellate court. See App. R. 16(A)(3); S.Ct. R.P. 6(B)(1). Because appellant does not raise appropriate assignments of error, we would be within our discretion to simply disregard his arguments. See State v. Maxson (1990),66 Ohio App.3d 32, 36, 583 N.E.2d 402 (declining to address an appellant's alleged error "[b]ecause the assignment is advanced as a proposition of law rather than as an assignment of error, [and] it does not comply with the Appellate Rules"). We will, nevertheless, construe the improperly-framed "assignments of error" as asserting error in the trial court's summary judgment ruling. *Page 1